No. C-628

**In Re the Marriage of Lewis A. Icke and Genevieve Icke**

(540 P.2d 1076)

Decided September 15, 1975.

John A. Kintzele, James A. Dubee, for petitioner.

Macy & Boulter, Stuart L. Boulter, for respondent.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

We granted certiorari to review one aspect of a decision of the Court
of Appeals in *In re the Marriage of Icke*, 35 Colo. App. 60, 530 P.2d

1001 (1974). The Court of Appeals affirmed a judgment of the trial court ordering *inter alia*, that life insurance be maintained by a parent obligated to pay child support. We affirm the decision of the Court of Appeals.

The facts in this case are not in dispute. Petitioner and respondent were granted a decree dissolving their marriage of nearly nineteen years' duration. The parties had three minor children at the time of the final hearing. As part of the district court's order concerning custody, property division, maintenance and child support, the petitioner was ordered to maintain a $10,000 life insurance policy with his minor children made beneficiaries. Prior to the decree, the respondent had been beneficiary under the policy.

The petitioner appealed the trial court's order regarding maintenance of the insurance policy, as well as property division, maintenance and payment of respondent's attorney's fees. The Court of Appeals affirmed, and we granted certiorari solely on the insurance issue.

This aspect of the Court of Appeals decision is at variance with our prior case law on the subject. In *Laws v. Laws*, 164 Colo. 80, 432 P.2d 632 (1967), we held that a trial court's power to order a non-custodial parent to support his minor children does not encompass the power to compel the parent to maintain life insurance policies with the children as beneficiaries. As the Court of Appeals points out, that case and others which followed were decided prior to the enactment of the Uniform Dissolution of Marriage Act, under which the order in the present case was issued. 1971 Perm. Supp., C.R.S. 1963, 46-1-1 *et seq.*[1] Section 46-1-22(3)[2] states as follows: 

"Unless otherwise agreed in writing or expressly provided in the decree, provisions for the support of a child are terminated by emancipation of the child *but not by the death of a parent obligated to support the child. . . .*" (Emphasis added.)

This statute effects a legislative abrogation of the common law that developed under the divorce statutes operative prior to the Uniform Act. As a result *Laws* and its progeny are no longer applicable. In effect the legislature has expanded the legal obligation of the parent of a minor child entitled to receive support pursuant to a dissolution of marriage decree. Unless otherwise provided, the obligation to support minor children survives the death of the parent. *See* Uniform Marriage and Divorce Act § 316(c), Commissioners' Note. The maintenance of a life insurance policy provides a reasonable and practical means by which this obligation can be met.

Judgment affirmed.

---

[1]Now article 10 of title 14, C.R.S. 1973.
[2]Now section 14-10-122(3), C.R.S. 1973.