FHT, INC., a Nebraska corporation, and Maurice Dahl, Plaintiffs-Appellants and Cross-Appellees,

v.

John BALDON, and Preferred Properties, Inc., a Colorado corporation, Defendants-Appellees and Cross-Appellants,

and

Dowdle Sheet Metal Co., a Colorado corporation, Defendant-Appellee.

No. 83CA0823.

Colorado Court of Appeals, Div. II.

Decided April 17, 1986.

Rehearings Denied May 15, 1986.

Certiorari Denied Nov. 10, 1986.

Horowitz & Koncilja, P.C., Jay S. Horowitz, Stephanie J. Griffin, Denver, for plaintiffs-appellants and cross-appellees.

G.E. Shields, P.C., G.E. Shields, Denver, for defendants-appellees and cross-appellants.

Bernick and Moch, Richard J. Bernick, Denver, for defendant-appellee.

VAN CISE, Judge.

This is a quiet title action resulting from foreclosure and redemption proceedings pertaining to a ten-acre tract of land in Arapahoe County. Plaintiffs, FHT, Inc. and Maurice Dahl (collectively FHT), appeal the judgment determining that defendant Dowdle Sheet Metal Co. (Dowdle), as the foreclosing first mortgagee and the original holder of the public trustee's certificate of purchase, was entitled to a public trustee's deed and to a decree quieting title in it and that FHT's assignor's redemption from the public trustee's sale was invalid. Defendants Preferred Properties, Inc., and its majority stockholder, John Baldon, the second mortgagee and also a contract creditor (collectively Preferred), appeal the judgment quieting title in Dowdle, and ask for a remand to reopen the period for redemption from the public trustee's sale. We affirm in part and reverse in part.

Dowdle, the original owner of the property, sold it to Wagco, Inc. (Wagco) in May 1978 for $50,000 in cash plus a $344,594 note secured by a first deed of trust on the subject property. Wagco failed to make the payment due in May 1979, and Dowdle foreclosed. At the foreclosure sale, Dow-

dle bid the amount of the indebtedness due it plus foreclosure costs, was the high bidder, and received a certificate of purchase from the public trustee.

Several junior liens had been recorded against the property between the time Wagco acquired the property and the foreclosure. These included second and third deeds of trust securing Wagco notes, respectively, to Preferred for $7,927 and to Heintz Investment Corporation (Heintz Corp.) for $53,000.

Two documents also had been recorded against the property: 1) a *lis pendens* referring to an August 1978 contract and lawsuit Preferred had filed against Wagco to recover $125,000 in commissions, and 2) a July 1979 instrument by which Heintz Corp. had given to Commercial Contractors, Inc. and its president, Ron Stewart (collectively Commercial), a partial assignment of $10,000 of the $53,000 third deed of trust Wagco note.

The problems in this case arose because of actions taken and not taken during the redemption period. Since the owner, Wagco, did not redeem, the holders of liens and encumbrances junior to Dowdle's lien had an opportunity to redeem pursuant to § 38–39–103, C.R.S. (1982 Repl.Vol. 16A). That statute provides, among other things, that no lienor or encumbrancer is entitled to redeem unless, within 75 days after the date of the foreclosure sale, he files a notice of his intention to redeem with the public trustee, and that a redeeming lienor shall pay to the public trustee the amount required to redeem.

## I. *Preferred's Appeal*

■ During the 75-day redemption period, Preferred filed two notices of intention to redeem, based, respectively, on its second deed of trust and on the contract and *lis pendens*. The public trustee accepted the first notice but marked the second invalid, reasoning that, since the claim had not been reduced to a judgment, neither the contract nor the *lis pendens* constituted a lien or encumbrance within the meaning of § 38–39–103, C.R.S. (1982 Repl. Vol. 16A).

In the quiet title action, the trial court agreed with the public trustee, and held that neither the contract nor the *lis pendens* gave Preferred a right to redeem. Preferred claims the court's ruling was erroneous, and asks for the case to be remanded to the trial court with directions to order the public trustee to reopen the redemption on the property and grant Preferred a period of redemption based on its contract and *lis pendens*.

However, it is unnecessary to decide whether Preferred's contract and *lis pendens* constituted a lien or encumbrance. Preferred made no tender to the public trustee of the requisite documents and redemption amount based on either its second deed of trust or its contract/*lis pendens* claimed lien. Therefore, it allowed its redemption rights to expire.

If a lienor fails to comply with the mandatory tender requirements in § 38–39–103(3), C.R.S. (1982 Repl. Vol. 16A), he must show that his noncompliance is excused because he was misled by the public trustee's conduct and acted in reliance thereon. *Johnson v. Smith,* 675 P.2d 307 (Colo.1984). Here, the evidence was contrary to showing any excuse, and, in fact, it showed that the public trustee's ruling had no effect on Preferred's decision not to redeem.

Preferred's president, Baldon, testified, "I thought I was going to redeem under my note and deed of trust, anyway, ... if Heintz didn't redeem. I didn't really need the contract or the *lis pendens....*" But, despite Baldon's plan, Preferred's financial backer decided it did not want to take an amount in excess of $400,000 out of the bank to finance the redemption, when Heintz Corp., the next in line to redeem, had informed Preferred and its backer that Heintz Corp.'s assignee might redeem behind them. Hence, the reason for Preferred's failure to tender was the nonavailability of funds, not the conduct of the public trustee.

Accordingly, we deny Preferred's request to reopen.

## II. *FHT's Appeal*

In July 1979, Heintz Corp. assigned to Commercial $10,000 of the principal amount due it in the $53,000 note secured by the third deed of trust on the subject property, and authorized Commercial to act as Heintz Corp.'s agent in filing "any and all notices to redeem." During the 75-day redemption period, Commercial filed a notice in its own name, but included with it a copy of the Heintz Corp. deed of trust. The public trustee receipted to "Heintz Investment Corp." and noted in her file that "Heintz/CC" was entitled to redeem between November 1 and November 6, 1979.

On November 6, Heintz Corp. assigned its note and deed of trust to Commercial, and Commercial paid $416,446.01 to the public trustee and received a certificate of redemption. The funds therefor were supplied by FHT. The redemption money was paid to Dowdle. The next day, Commercial assigned its certificate of redemption to FHT.

Two days later, at the request of Commercial, the public trustee's deed was issued to Commercial. When Commercial failed to deed the property over to FHT, FHT commenced this action in January 1980, seeking a decree quieting title in FHT and against Commercial, Dowdle, Preferred, and others. All defendants except Dowdle and Preferred disclaimed, defaulted, failed to appear, or assigned their interests to FHT. Dowdle countered with a claim that the redemption was invalid and that, therefore, it was entitled to a decree in its favor. Commercial instituted bankruptcy proceedings. At a sale conducted by the bankruptcy court, FHT purchased for $151,000 whatever rights Commercial had in the subject property.

The trial court concluded that Commercial's redemption was invalid since the July 1979 assignment by Heintz to Commercial was void, and that, because FHT's rights depended on the rights of Commercial, FHT also had no interest in the property. It therefore held that Dowdle was the party entitled to the public trustee's deed. The court also held that acceptance of the redemption money did not constitute a waiver of Dowdle's rights to object to the redemption since Dowdle at that time had no knowledge of the defect. It then directed Dowdle to repay to FHT the money it had paid to the public trustee and to the bankruptcy court, to pay Heintz Corp. the amount of its note, and to pay Preferred the amount of its note and contract claim, all plus 8% interest from their respective due dates.

FHT contends that the trial court erred in invalidating the redemption by Commercial. We agree.

The key fact relied on by the trial court was that Heintz Corp.'s July assignment to Commercial of the $10,000 portion of the $53,000 note was by its terms terminated when cash was substituted for the assignment. The court held that this voided any right of Commercial to exercise Heintz Corp.'s redemption rights. We disagree.

The testimony at trial indicates that Heintz Corp. and Commercial agreed that Commercial would exercise Heintz Corp.'s right of redemption if the financing could be obtained. While their original agreement was to terminate the assignment when Heintz Corp. could deliver the $10,000 cash, that agreement was superseded by Heintz Corp.'s authorizing Commercial to act as its agent in accomplishing the redemption and in its assigning to Commercial, at the time of the redemption, the basic note and deed of trust. The deed of trust itself, as well as the July assignment, which was left on the record, satisfied the requirement of § 38–39–103(2), C.R.S. (1982 Repl. Vol. 16A) that the lien appear "by an instrument so recorded or filed prior to the expiration of the period of redemption."

FHT, as assignee of Commercial, is entitled to a decree quieting title against any claims of Dowdle, Preferred, and the other defendants named in the action.

In view of the above holding, we do not address FHT's contention that Dowdle's acceptance of the redemption money constituted a waiver of Dowdle's rights to challenge the redemption.

The denial of Preferred's request to re-open the redemption is affirmed. The judgment quieting title in Dowdle and directing payments by it is reversed. The cause is remanded for the entry of a decree quieting title in FHT, Inc., in and to the subject property and holding that none of the defendants have any right, title, or interest therein.

SMITH and STERNBERG, JJ., concur.