**In re the Marriage of Donna Jean STOERKEL, Petitioner-Respondent,**

v.

**Jan Ervin STOERKEL, Respondent-Appellant.**

**No. WD 37375.**

Missouri Court of Appeals, Western District.

June 17, 1986.

---

Joseph Y. DeCuyper, Kansas City, for respondent-appellant.

Thomas E. Hankins, Gunn, Hall & Stahl, Gladstone, for petitioner-respondent.

Before MANFORD, P.J., and PRITCHARD and TURNAGE, JJ.

TURNAGE, Judge.

Donna Jean Stoerkel filed a petition seeking a legal separation from her husband Jan Ervin Stoerkel. Jan filed a cross petition seeking a dissolution of the marriage. The court dissolved the marriage, divided the property, and awarded Donna child support and maintenance. Jan appeals from the division of property and maintenance award. Affirmed in part and modified in part.

Donna and Jan had been married over 23 years. There were four children born of the marriage with two of them emancipated. At the time of trial two girls were living with Donna, one age 20 and one age 18. The parties had lived in Clay County for a number of years, but in 1984 Jan was transferred by his employer, Transamerica, to California. Jan went to California with the intention of buying a home and relocating the family, but became enamored with a fellow employee and took up residence with her. He informed Donna that he desired a dissolution and Donna filed the present suit.

At the time of trial the real estate in Clay County had been sold so that the only property to be divided consisted of cash and personal property. The court awarded Donna $4454 in cash and other personal property with a value of $8560. She was ordered to pay debts in the total amount of $2420. Jan was awarded $17,249 in cash and stock and personal property with a value of $12,230. He was ordered to assume debts totaling $27,956. Donna was awarded maintenance of $1200 per month and child support for the oldest daughter living with her of $10 per month, and child support for the younger child living with her of $200 per month. The evidence revealed that the oldest daughter living with Donna was employed and earning about $640 per month.

Jan first contends the award of $1200 per month in maintenance was an abuse of discretion. Donna was employed as the manager of the Kendalwood Trails Retirement Apartments at a net monthly salary of $973. She lists her expenses for rent, including utilities except telephone, at $610 per month, $255 per month car payment, $425 per month for food, $150 for clothing, and $120 for gasoline.

Jan received take home pay of $2,346 per month from his salary and service in the National Guard. He lists expenses of $615 per month for rent, $120 per month for utilities, in addition to food, clothing, and fixed monthly payments.

The first 13 years of the parties' married life had been a financial struggle, but each testified that during the last 10 years they had been able to meet their obligations comfortably. Still the evidence showed a lifestyle which could be termed rather mod-

est. The only extravagance seemed to be the ownership of a boat on which more was owed than it was worth. None of the property divided was income producing except the cash and stock.

Jan contends the evidence shows he cannot afford to pay $1200 per month in maintenance together with $210 in child support. On the other hand Jan conceded that Donna could not live without some help from him. Thus the question is not whether or not Donna should receive maintenance, but how much she should receive.

■ The trial court is vested with substantial discretion in awarding maintenance, but it is not required to meet all of the needs of the spouse receiving the award. *Hoffmann v. Hoffmann,* 676 S.W.2d 817, 828[19, 20] (Mo. banc 1984). Section 452.335.2, RSMo 1978, sets out certain factors the court is to consider in determining the amount of maintenance. One of the factors is the ability of the spouse who is paying maintenance to meet his needs while paying the amount ordered. It has been said that the award of maintenance must be made within a reasonable tolerance of the proof. *Trunko v. Trunko,* 642 S.W.2d 673, 676[5, 6] (Mo.App.1982).

■ Considering all of these factors this court concludes that the trial court abused its discretion in ordering $1200 per month in maintenance. Taking the basic needs of Donna and subtracting from that her earnings leaves a short-fall of about $600 per month. On the other hand with Jan paying out $1410 in maintenance and child support leaves him only $936 per month. His rent and utilities alone require $735 per month. It is apparent that Jan cannot pay $1200 in maintenance and have sufficient funds remaining to meet his needs. An award of $600 per month in maintenance would allow Donna to meet her basic needs and would still leave Jan short of paying his fixed expenses and fixed obligations. As is usually the case, the money available is not sufficient to meet all of the needs of both parties. However, considering the factors in § 452.335 this court finds an award of $600 per month in maintenance to Donna is justified.

Jan next complains about the division of property. Without repeating the property which was awarded to each it can be said that a careful review of the evidence and the division made by the trial court leads this court to find that there was no abuse of discretion in the division of property. As pointed out in *Salcedo v. Salcedo,* 693 S.W.2d 875, 879[9, 10] (Mo.App.1985), the division of marital property need not be equal but must be just. This court finds the division of property was just.

■ In addition, the court awarded to Donna one-half of the retirement benefits Jan would receive for his military service when he became eligible. At the time of trial Jan was 42 years old and he testified that he would be eligible to receive retirement benefits from his National Guard service at age 62. Since he was still serving in the National Guard his retirement benefits would increase as the number of years he served increased. Thus, his continued service beyond the dissolution would result in an increase in his retirement benefits. Jan contends the award of 50 per cent of the military retirement benefits to Donna represents an award to her of post-dissolution property. Jan's theory is that his continued service after the dissolution will not affect Donna in any fashion and she should be restricted to sharing in the amount of retirement which he would receive for the rank and length of service which he held at the date of trial. This argument was answered in *Lynch v. Lynch,* 665 S.W.2d 20, 24[8, 9] (Mo.App.1983). There the court pointed out that the higher retirement benefits that may be realized by continued employment after the dissolution are made possible at least in part by the years of employment during the marriage. The court held that a present division of the rights which may mature into retirement benefits does not award after acquired separate property of the former spouse. The court stated that such a division merely assures that the parties' qualitative parity of interest will be maintained. This court agrees that it would be unjust to restrict Donna's interest in the military retirement benefits to the amount he would have received had Jan retired as of the date of

trial. Certainly the increased benefits arise in part from the service performed during the marriage and for that reason it is proper to make the award on the basis of the total amount which he would receive at the time such benefits commence.

Jan further complains of the action of the court in awarding Donna a portion of his retirement benefits from Transamerica when those benefits became payable. The court awarded her a portion of those retirement benefits equal to 50 per cent with the term "portion" being defined as a fraction of his retirement benefits with "6" as the numerator and the total number of years which Jan worked for Transamerica as the denominator. For the reason stated in *Lynch*, this division was proper and Donna should not be restricted to only the amount of retirement benefit calculated on the time of service accrued by Jan on the day of trial.

The judgment dividing the property and awarding Donna an interest in the military retirement benefits and the Transamerica retirement benefit is affirmed. The judgment awarding Donna $1200 maintenance is modified by reducing the amount to $600 per month and the court is directed to enter judgment in that amount.

All concur.