**HEFLEY RANCH, INC.,**
Plaintiff–Appellant,

v.

**John A. STEWART,**
Defendant–Appellee.

No. 87CA0946.

Colorado Court of Appeals,
Div. I.

Oct. 27, 1988.

John Gehlhausen, P.C., John Gehlhausen, Darla K. Scranton, Lamar, for plaintiff-appellant.

No appearance, for defendant-appellee.

HUME, Judge.

Plaintiff, Hefley Ranch, Inc. (Hefley), appeals from the summary judgment entered by the trial court which quieted title to real property in defendant, John A. Stewart. We affirm.

Hefley, the high bidder at a foreclosure sale, received a sheriff's certificate of purchase for agricultural property on March 11, 1986. At that time, the United States Farmers Home Administration (FHA) held second and third liens against the property that were junior to the lien which had precipitated the foreclosure action, and thus, it had a statutory right to redeem the property. *See* § 38–39–103, C.R.S. (1986 Repl. Vol. 16A).

Stewart subsequently purchased an assignment of the FHA's redemption rights, and on August 14, 1986, he filed a notice of intent to redeem the property, supported by a copy of the July 21, 1986, assignment from the FHA, copies of FHA's recorded deeds of trust, and an affidavit of the FHA state director. The affidavit identified the FHA trust deeds, set forth the recording data concerning those instruments and the rate of interest accrual, and computed the amount of indebtedness which the instruments then secured. Upon Stewart's tender of the correct redemption amount, the sheriff issued a certificate of redemption on September 18, 1986, followed by a redemption deed.

## I.

Hefley contends that since the FHA's written assignment did not expressly convey its interest in its liens, Stewart was not a lienor or encumbrancer when he filed his notice of intention to redeem in August 1986, and hence, that notice was fatally defective. We disagree.

The assignment from the FHA to Stewart correctly identified the property in question and the decree of foreclosure that resulted in the sheriff's sale and the issuance of a certificate of purchase to Hefley. By express reference to the court's decree of foreclosure, it also identified the FHA as the owner and holder of the second and third deeds of trust. Further, it contained an unequivocal conveyance to Stewart of the FHA's "right to redeem said property from said Sheriff's sale."

■ The interpretation of a contract requires the court to ascertain the parties' intent at the time the document was executed, and that intent is to be determined primarily from the instrument itself. *Radiology Professional Corp. v. Trinidad Area Health Ass'n*, 195 Colo. 253, 577 P.2d 748 (1978). The construction of such documents usually presents a question of law to be determined by the court, and in the absence of contrary manifestations of intent in the instrument, its terms will be interpreted according to their generally accepted meaning. *Pepcol Manufacturing Co. v. Denver Union Corp.*, 687 P.2d 1310 (Colo.1984).

■ Our review of the assignment satisfies us that the parties' unequivocal transfer of the FHA's redemption rights, when read together with the recitals contained in that instrument, evinces a clear intention to transfer the FHA's interest in its liens upon which those rights were founded. *See FHT, Inc. v. Baldon*, 728 P.2d 317 (Colo.App.1986).

Moreover, any doubt about the parties' intentions with respect to the assignment is conclusively dispelled by the FHA state director's affidavit submitted to the court on the issues framed by the parties' cross-motions for summary judgment. That affidavit stated:

"On or about July 21, 1986, the United States of America acting through the Farmer's Home Administration, sold all of its right, title and interest, including lien rights and redemption rights, owned by the United States of America by virtue of [the FHA's deeds of trust describing the subject property] to John A. Stewart...."

## II.

■ Hefley also contends that the FHA state director was precluded from conveying its lien and redemption rights by 12 U.S.C. § 1717a (1982). We disagree.

Section 1717a was enacted as a part of the Participation Sales Act of 1966 (Act). The purpose of the Act is to enable various federal governmental agencies and departments, including the FHA, to enter trust agreements whereby the Federal National Mortgage Association (FNMA) and the Government National Mortgage Association (GNMA) can act as trustee to sell to private investors participation certificates in pooled loans or obligations owed to those agencies. *See* H.R.Rep. No. 1448, 89th Cong., 2d Sess.1966, *reprinted in* 1966 U.S.Code Cong. & Admin.News 2203. The Act is now codified in 12 U.S.C. §§ 1717 and 1717a (1982).

While 12 U.S.C. § 1717(c)(1) (1982) authorizes the trustees to administer the trusts and the participation shares, 12 U.S.C. § 1717(c)(2) states:

"The trust instrument shall provide that *custody, control, and administration of the obligation shall remain in the trustor* [agency or department head] subjecting the obligation to the trust." (emphasis added)

As applied to this case, the Act plainly places the administration of the loan and security documents with the Secretary of the Department of Agriculture and his delegates or designees.

Read in context with the remainder of the Act, the meaning of 12 U.S.C. § 1717a (1982) becomes plain. It provides:

"After June 30, 1966, no department or agency listed in section 1717(c)(2) of this

title may sell any obligation held by it except as provided in section 1717(c) of this title, or as approved by the Secretary of the Treasury, ..."

The statute prohibits the agencies from selling or discounting obligations owned by the government to entities other than the trustees specified by the Act. However, it does not prohibit those agencies from continuing to administer and enforce the terms of the borrowers' loan and security obligations. *See* 28 U.S.C. § 2410(c), (d) and (e) (1982) (authorizing lending agency head or his delegate to exercise right of redemption); *see also* 7 C.F.R. §§ 1955.13 (1986) and 1965.11(c)(2)(iii) (1987) (authorizing FHA state director to use discretion in exercising government's right of redemption or in selling that right).

Thus, we conclude that the court did not err in determining that the FHA state director had authority to assign the FHA's right of redemption and that the right was fully and properly assigned to Stewart. Stewart's August 14 notice of intent with its supporting documents was timely, and sufficient to comply with the requirements of § 38–39–103, C.R.S. (1982 Repl.Vol. 16A). *See FHT, Inc. v. Baldon, supra.*

JUDGMENT AFFIRMED.

PIERCE and MARQUEZ, JJ., concur.