In re the **MARRIAGE OF Mary P. FENIMORE, Appellee,**

and

**William E. Fenimore, Appellant.**

**No. 88CA0965.**

Colorado Court of Appeals, Div. V.

Oct. 12, 1989.

John E. Boyle and John J. Conway, Denver, for appellee.

Myers, Hoppin & Bradley, P.C., Frederick J. Myers, Denver, for appellant.

Opinion by Judge RULAND.

William E. Fenimore (husband) appeals from those provisions of the permanent orders which address the vested survivor benefit payable to Mary P. Fenimore (wife) from his Civil Service Employee Pension Plan. We affirm.

The marriage of husband and wife was dissolved after approximately 32 years. At the time of the hearing on permanent orders, husband was retired and was receiving $3,248 in monthly gross income from his pension. While the case was pending in the trial court for decision, *In re Marriage of Grubb*, 745 P.2d 661 (Colo.1987) and *In re Marriage of Nelson*, 746 P.2d 1346 (Colo.1987) were announced. Briefs were submitted by both parties and the court entered its orders in accordance with its interpretation of those decisions.

The court ordered the family residence sold and the proceeds divided equally. The remaining assets of approximately $54,000 were also divided equally between the parties. The court rejected wife's claim for maintenance.

The court found that 57 percent of the pension benefits had accrued during the marriage, and it therefore concluded that 57 percent of the vested and matured portion of husband's pension was marital property. The court awarded wife 50 percent of 57 percent of each monthly pension payment received by husband, together with any incremental increase in that monthly payment.

The court also found that in 1974, when husband retired, he had voluntarily designated wife as residual beneficiary of the remainder interest of the pension fund. This resulted in husband receiving reduced retirement benefits both during the marriage and after the dissolution. Husband made this election non-revocable by agreeing to have the decree entered and property rights fixed before May 8, 1987. Thus, because wife is 55 years of age and single, her survivor benefit can be divested only if she predeceases husband.

The court rejected husband's contention that wife's share of the present payments being received by husband should be further reduced because of her right to survivor's benefits. The court considered valuation of these benefits speculative because of the possibility that wife might predecease husband, or because, even if wife survived, there was no basis upon which to determine accurately the period she would outlive husband. The court also concluded that to adjust the division of other assets awarded to the husband based upon a valuation of the survivor benefits could work a substantial injustice if wife predeceased him. Conversely, the court reasoned that to reduce wife's share of the monthly pension funds at this juncture could be unfair to her as well because she might not live to receive the survivor benefits.

Husband contends the trial court erred in determining not to value the survivor benefits and, based upon that valuation, to reduce the current amount of wife's share of monthly payments. We conclude that the court did not abuse its discretion.

The trial court is not limited to either a percentage or present value formula in dividing vested and matured pension payments. *In re Marriage of Grubb, supra.* The percentage division of pension payments adopted by the trial court here for current payments obviously could not be applied to the survivor's benefits. Conversely, the record supports the trial court's conclusion that use of a present value formula for the survivor benefits could work an injustice to one or the other

of the parties because of the value of other assets subject to division. *See In re Marriage of Nelson, supra.*

There is no requirement that the trial court divide assets equally in order to obtain a fair result. *See In re Marriage of Gercken,* 706 P.2d 809 (Colo.App.1985). Moreover, adjustments to division of property made in order to avoid imposition of maintenance are justified. *See In re Marriage of Jones,* 627 P.2d 248 (Colo.1981). Thus, even if we were to accept, as the husband urges, the actuarial assumption that wife will outlive husband, receive survivor benefits, and thus make the division of property unequal, we would find no error. *See In re Marriage of Price,* 727 P.2d 1073 (Colo.1986).

The judgment is affirmed.

METZGER and REED, JJ., concur.