### In re the MARRIAGE OF Dennis L. MICALETTI, Appellant,

### and

### Joyce K. Micaletti, Appellee.

### No. 89CA0494.

Colorado Court of Appeals, Div. II.

April 12, 1990.

Rehearing Denied May 10, 1990.

Certiorari Denied Aug. 27, 1990.

Polidori, Rasmussen, Gerome and Jacobson, Peter L. Franklin, Lakewood, for appellant.

Glen B. Maynard, P.C., Glen B. Maynard, Golden, for appellee.

Opinion by Judge SMITH.

Dennis L. Micaletti, husband, appeals from the trial court's award of maintenance and child support in this dissolution of marriage action. We affirm in part, reverse in part, and remand with directions.

Dennis and Joyce Micaletti were married for 32 years, and, at the time of the permanent orders hearing, only one of their four children was unemancipated. The child, a 19-year-old son, was in his first year of college. The parties had stipulated that neither parent would have any obligation to contribute to the minor child's basic support or educational expenses during the school year. The parties each testified that this agreement was consistent with the manner in which they had treated their three emancipated children, and the agreement reflected their personal views that the children would better appreciate a college education if they had to earn it on their own.

The trial court acceded to the parents' wishes to a limited extent by excluding educational expenses from its calculation of child support. *See* § 14–10–115(13)(a)(III), C.R.S. (1987 Repl.Vol. 6B). However, the court entered a basic support order requiring the husband to pay child support of $502 monthly. In addition, the trial court expressly considered both the amount and duration of the child support obligation in fashioning the spousal maintenance order. The court awarded wife permanent spousal maintenance of $500 monthly, to increase to $750 per month when child support is terminated upon emancipation of the minor son.

### I.

We note, at the outset, that the trial court's ruling on husband's post-trial motion was entered after the expiration of the 60–day time period set forth in C.R.C.P. 59(j). Therefore, the court's amended order is null and void, *see Baum v. State Board for Community Colleges & Occupational Education*, 715 P.2d 346 (Colo. App.1986), and our consideration is limited to the original final orders entered on December 2, 1988.

### II.

Husband contends that the trial court abused its discretion by entering a child support order contrary to the express

agreement of the parties. We reject this contention.

■ Parents are under a legal obligation to support their minor children, *Abrams v. Connolly*, 781 P.2d 651 (Colo.1989), and the parents may not, by agreement, adversely affect their children's best interests. *Wright v. Wright*, 182 Colo. 425, 514 P.2d 73 (1973).

■ Further, under the Uniform Dissolution of Marriage Act, § 14–10–112(2) and (6), C.R.S. (1987 Repl.Vol. 6B), the trial court is not bound by agreements providing for the support, custody, or visitation of children. Instead, the child support guidelines expressly require the trial court to review stipulated support agreements and to determine the adequacy of child support pursuant to the guidelines in Section 14–10–115(3)(b)(I), C.R.S. (1987 Repl.Vol. 6B); *In re Marriage of Miller*, 790 P.2d 890 (Colo.App.1990). The statutory support schedule constitutes "a rebuttable presumption for the establishment or modification of the amount of child support." Section 14–10–115(14)(a), C.R.S. (1987 Repl. Vol. 6B); *In re Marriage of Miller, supra.*

■ Thus, although the trial court could well have permitted a deviation from the guidelines in accordance with the parties' agreement, its decision to impose the child support obligation it did, was a proper exercise of the discretion granted to it. *Abrams v. Connolly, supra.* The record contains no evidence to rebut the presumptive reasonableness of the support obligation imposed by the court pursuant to § 14–10–115(10)(b), C.R.S. (1987 Repl.Vol. 6B).

### III.

■ Husband argues, however, that the trial court erred by excluding the amount of mother's monthly maintenance from its calculation of mother's monthly income. We agree that this was error.

Under the child support guidelines, gross income is defined as "income from any source" including "alimony or maintenance received." Section 14–10–115(7)(a)(I)(A), C.R.S. (1987 Repl.Vol. 6B). Therefore, the trial court was required to include the monthly maintenance award in its calculation of mother's gross income. Based on a monthly maintenance award of $500, father's child support obligation, under the guidelines, is presumed to be $444.54, instead of $502, as ordered by the court.

### IV.

■ Husband next contends that the trial court erred in determining that wife qualified for spousal maintenance under § 14–10–114(1), C.R.S. (1987 Repl.Vol. 6B). We disagree.

The statutory threshold for maintenance is a flexible standard which takes into account the particular facts and circumstances of the marriage, and the reasonable expectations of the parties established during marriage. *In re Marriage of Olar*, 747 P.2d 676 (Colo.1987).

Here, the record establishes that, after many years as a homemaker, the wife undertook nursing training with the intent of working part-time. She became a registered nurse at age 44 and was working 30 hours per week in an urgent care unit at the time of the permanent orders hearing. Wife testified that nursing is a high stress job, and that, at age 50, she did not feel physically or emotionally capable of working more than 30 hours per week. The foregoing evidence is sufficient to support the trial court's determination that wife is appropriately employed to full capacity.

Given the 32–year duration of the marriage, the parties' economic circumstances, and the wife's age, health, and limited employment experience, we perceive no error in the court's decision to award permanent maintenance. *In re Marriage of Martin*, 707 P.2d 1035 (Colo.App.1985).

### V.

■ Husband further argues that the trial court exceeded its authority in providing for an automatic increase in maintenance upon termination of the child support order. Again, we disagree.

The trial court's discretion over matters of maintenance and child support includes the discretion to fashion the mode of payment to meet the needs and abilities of the parties. *In re Marriage of Ward,* 740 P.2d 18 (Colo.1987). And, in determining the amount and duration of maintenance, the trial court is specifically required to consider "the extent to which a provision for support of a child living with the party includes a sum for that party as custodian." Section 14–10–114(2)(a), C.R.S. (1987 Repl.Vol. 6B).

In this case, the trial court made detailed findings of fact regarding the wife's minimum monthly expenses, her share of child support payments as the minor child's custodian, and the husband's net monthly income. The court found, on supporting evidence, that wife requires maintenance of $750 per month to meet her reasonable needs. However, the court recognized that, in view of the child support obligation, husband will be unable to pay the full maintenance award until he is relieved of the child support obligation. The child's emancipation is a certain and foreseeable occurrence that will occur no later than August 1990 when the child turns 21. Given the other circumstances of this case, including the wife's established need for permanent maintenance of $750 per month and the husband's ability to pay, we perceive no error.

## VI.

Wife has filed a motion requesting attorney fees on appeal pursuant to § 14–10–119, C.R.S. (1987 Repl.Vol. 6B). Wife's request is a matter for the trial court upon proper application after remand. *In re Marriage of Meisner,* 715 P.2d 1273 (Colo.App.1985).

That portion of the judgment setting the amount of child support is reversed, and the cause is remanded for recalculation of the proper award based upon the inclusion of maintenance in mother's gross monthly income. Further, because the maintenance award was established with reference to the child support award, the trial court is directed to reconsider the amount of main-

tenance ordered and to modify that order as well, if necessary. The remainder of the judgment is affirmed.

MARQUEZ and DUBOFSKY, JJ., concur.