**In re the MARRIAGE OF Frank SINKOVICH, Appellant,**

**and**

**Christa Sinkovich, Appellee.**

**No. 90CA1241.**

Colorado Court of Appeals, Div. A.

Feb. 13, 1992.

Rehearing Denied April 9, 1992.

J. Tyler Makepeace, Colorado Springs, for appellant.

Warren, Mundt & Martin, P.C., Thomas G. Martin, Colorado Springs, for appellee.

Opinion by Chief Judge STERNBERG.

In this proceeding occurring more than seven years after dissolution of the parties' marriage, Frank Sinkovich (husband) appeals from the trial court's order distributing fifty percent of his military pension to Christa Sinkovich (wife). We affirm.

Husband suggests that the trial court exceeded its authority in "modifying" the property distribution contained in the original dissolution decree. We disagree.

█ The enforcement of a dissolution decree is separate and distinct from a modification of the decree. *In re Marriage of Hiner*, 710 P.2d 488 (Colo.1985); *In re Marriage of Meisner*, 807 P.2d 1205 (Colo. App.1990).

█ Therefore, if, as here, a dissolution decree or separation agreement provides for the retention, or reservation, of jurisdiction in the trial court, the retention provision is binding upon the parties and authorizes the court to exercise jurisdiction over the matter in question. Section 14–10–112, C.R.S. (1987 Repl.Vol. 6B); *In re Marriage of Mirise*, 673 P.2d 803 (Colo.App.1983); *see also Jekot v. Jekot*, 32 Colo.App. 118, 507 P.2d 473 (1973).

Here, the dissolution decree incorporated a separation agreement between the parties, which was approved by the trial court. A provision of that agreement, entitled "ISSUES REMAINING OPEN AND MODIFIABLE," states in clear and unequivocal language that the issue of "retirement benefits by virtue of the parties' marriage and [husband's] service in the Armed Forces of the United States shall remain open and modifiable." Also, a transcript of the permanent orders hearing indicates that the husband specifically acknowledged his understanding of the retention agreement at the time of dissolution.

█ Nevertheless, husband now asserts that the separation agreement is ambiguous and that the trial court erred in refusing to consider his parol testimony regarding the parties' intention at the time of dissolution. We reject his contention.

The interpretation of a written contract requires the court to ascertain the parties' intent at the time of execution, and that intent is determined primarily from the instrument itself. *Hefley Ranch, Inc. v. Stewart*, 764 P.2d 415 (Colo.App.1988).

█ Parol evidence of intent is generally admissible only if the contract terms are ambiguous. *In re Marriage of Piper*, 820 P.2d 1198 (Colo.App.1991).

Contrary to husband's argument, the parties' separation agreement clearly and unequivocally provides for a retention of the trial court's jurisdiction over the issue of husband's military retirement benefits. Therefore, the trial court had the authority to divide the retirement pension. *In re Marriage of Hiner, supra.*

Relying on *In re Marriage of Wolford*, 789 P.2d 459 (Colo.App.1989), husband con-

tends that division of his military pension involves an impermissible retroactive application of the holding in *In re Marriage of Gallo*, 752 P.2d 47 (Colo.1988). His contention is without merit.

*Wolford* is inapposite since it involved neither a contractual nor a decretal retention of jurisdiction over the issue of the military retirement. Here, in contrast to *Wolford*, a final judgment regarding the military pension was not entered at the time of the dissolution decree, and the trial court's subsequent division of the pension was a proper exercise of the court's retained jurisdiction. Under these circumstances, application of *Gallo* to this action does not constitute a retroactive application of the law, and the *Wolford* holding is inapplicable. *See In re Marriage of Booker*, 811 P.2d 405 (Colo.App.1990).

Finally, husband contends that the trial court abused its discretion in awarding the wife fifty percent of his disposable retirement pay, rather than forty percent of his gross retirement pay. Again, we find no reversible error.

█ The trial court has broad discretion to determine the most appropriate and equitable division of a retirement pension accrued during marriage. *In re Marriage of Blake*, 807 P.2d 1211 (Colo.App.1990). Furthermore, the mandate to distribute property equitably does not require equality. *In re Marriage of Fenimore*, 782 P.2d 872 (Colo.App.1989).

█ Here, the trial court's ruling is rationally based on considerations of the wife's marital contributions during husband's military career and the fact that wife has no survivor benefits in the event of husband's death. Contrary to husband's contentions, the award achieves an equitable result consistent with applicable law. *See In re Marriage of Fenimore, supra.*

Order affirmed.

SMITH and NEY, JJ., concur.