In re the MARRIAGE OF John S. HUNT,
Appellant and Cross–Appellee,

and

Dianna L. Hunt, Appellee
and Cross–Appellant.

No. 92CA0252.

Colorado Court of Appeals,
Div. I.

July 29, 1993.

Rehearing Denied Sept. 2, 1993.

Certiorari Granted Feb. 28, 1994.

Thomas, Porter, Spencer & Patin, P.C., Arthur W. Porter, John P. Lyle, Colorado Springs, for appellant and cross-appellee.

Susemihl, Lohman, Kent & McDermott, P.C., Catherine Woelk–Rudisill, Colorado Springs, for appellee and cross-appellant.

Opinion by Judge PIERCE.

In this dissolution of marriage action, John S. Hunt (husband) appeals the orders for division of his military pension and permanent maintenance. Dianna L. Hunt (wife) cross-appeals the valuation and distribution of property. We affirm.

The parties were married in 1977. During the marriage, husband obtained two advanced degrees and became a physician, all while serving in the military. Wife was the homemaker, cared for the parties' five children, and provided daycare for others on occasion but was not otherwise employed outside the home.

A decree of dissolution was entered in April 1991, when wife was 34 and husband 35 years old. The parties received joint custody of the children, aged 4, 6, 9, 11, and 12, with wife as the primary residential custodian. After a hearing in October 1991, the trial court entered permanent orders dividing the parties' property, including husband's non-vested military retirement benefit, and awarding wife $750 per month maintenance.

## I. Pension

Husband first contends that the trial court erred in its division of the military pension by allowing wife to share in the benefits associated with future promotions and increases in pay. He argues that the pension to be divided should be limited to that of a captain, the highest rank he achieved during the marriage. We disagree.

The trial court has broad discretion to determine the most appropriate and equitable division of retirement benefits accrued during the marriage. *In re Marriage of Gallo*, 752 P.2d 47 (Colo.1988); *In re Marriage of Sinkovich*, 830 P.2d 1101 (Colo.App. 1992).

Here, during the fourteen-year marriage, husband accumulated approximately ten years of service creditable to his military retirement, as he did not receive credit for his time in medical school. He must have at least twenty years of creditable service before he may receive a retirement benefit. When the dissolution decree was entered, he had reached the rank of captain, although he was promoted to major before the permanent orders were entered.

The trial court awarded wife a fraction of the benefit husband will receive when he retires based on his rank at retirement. Her share was determined on a formula consisting of one-half times a fraction having ten years as the numerator and the total number of creditable years as the denominator.

Although wife asserts that the fraction should have been based on the fourteen years of marriage rather than the ten years of creditable service earned during the marriage, we perceive no error. That calculation is supported by the record and properly reflects a share of that portion of the benefit earned during the marriage. *See In re Marriage of McGinnis*, 778 P.2d 281 (Colo.App. 1989).

Husband does not dispute the fraction but claims that it should apply only to the retirement benefit accorded to a captain, rather than whatever greater benefit he may eventually receive. He relies on Texas cases which apply that reasoning. *E.g., Grier v. Grier*, 731 S.W.2d 931 (Tex.1987). *See also Salazar v. Salazar*, 583 So.2d 797 (Fla.Dist. Ct.App.1991).

However, such a limited view of the value of the retirement benefit earned during the marriage will not result in an equitable distribution. As expressed in one commentary:

> The mistake is made by viewing the post-divorce salary levels in a vacuum and concluding that separate property is being given to the other spouse. In truth, the earlier years of employment, many of which may have been during the marriage, are usually the reason the employee was able to sustain his relationship with the employer and reach the higher levels of salary used to calculate the retirement benefit. Often the nonemployee spouse will have furnished substantial emotional support and inspiration (and financial support) during the early years of employment when the salary was low, the hours long, the frustrations many, and the long-term rewards and benefits questionable.

McGuane & Zuber, *Valuation of Pension and Profit–Sharing Benefits*, 3 J.Am.Acad. Matrimonial L. 13, 28 (1987). Further, as stated in *Bullock v. Bullock*, 354 N.W.2d 904, 910 (N.D.1984):

> Certainly in this case [the husband's] years of military service during the parties' marriage provided a basis for any future promotions and increases in pay for length of service to which he may become entitled. [Husband's] military career and earning ability were developed and enhanced throughout the course of the parties' ... years of marriage.

Therefore, when the trial court reserves jurisdiction to divide a non-vested military pension, it may properly divide the benefit that husband will receive when he retires. *Accord Askins v. Askins*, 288 Ark. 333, 704 S.W.2d 632 (1986) (describing husband's argument as "beguiling but not sound"); *Stoerkel v. Stoerkel*, 711 S.W.2d 594

(Mo.Ct.App.1986); *Radigan v. Radigan*, 465 N.W.2d 483 (S.D.1991).

In so holding, we reaffirm the trial court's discretion to fashion an equitable division. There is no requirement that the trial court divide assets equally or with mathematical precision in order to obtain a fair result. *See In re Marriage of Fenimore*, 782 P.2d 872 (Colo.App.1989).

In our view, the method used by the trial court here gave appropriate weight to that part of husband's retirement benefit earned during the marriage and is, at least implicitly, approved by *In re Marriage of Beckman*, 800 P.2d 1376 (Colo.App.1990).

## II. Maintenance

Husband also contends that the trial court erred in awarding wife permanent maintenance. We disagree.

The trial court has discretion to award maintenance in such amounts and for such periods as it deems just. Section 14–10–114, C.R.S. (1987 Repl.Vol. 6B); *see In re Marriage of Olar*, 747 P.2d 676 (Colo.1987).

Here, the award is amply supported by the evidence, findings, and applicable law. *See In re Marriage of Micaletti*, 796 P.2d 54 (Colo.App.1990); *In re Marriage of Martin*, 707 P.2d 1035 (Colo.App.1985). It reflects a thorough consideration of the relevant factors, including the standard of living and length of the marriage, husband's ability to pay, wife's age, her earning capacity even with additional training, and her considerable responsibilities as residential custodian of the five children.

Although the record could support a different award, it also supports that made here by the trial court. Therefore, we may not reverse it. *See In re Marriage of Udis*, 780 P.2d 499 (Colo.1989).

## III. Property Distribution

On cross-appeal, wife contends that the trial court abused its discretion in the valuation, characterization, and distribution of property, and she requests a balancing pay-

ment from husband of $1,306.10 or more. We are not persuaded.

■ Specifically, wife argues that the trial court should have deducted costs of sale from the portion of the home equity awarded to her. However, husband testified that the parties had previously sold two homes without incurring realty agents' fees and that the home was worth approximately $77,900, with equity of $10,288. Wife listed the equity as $9,000. In awarding the equity to wife, the trial court valued it at only $4,500. Based upon that record, we cannot conclude that any additional deduction was required.

■ Wife also argues that the trial court did not correctly value the personal property, automobiles, and jewelry. However, the trial court's resolution of conflicting evidence as to the value and characterization of those items is binding on review. *See In re Marriage of Nordahl,* 834 P.2d 838 (Colo. App.1992). Further, we may not consider the evidence wife offers for the first time on appeal. *See In re Petition of Edilson,* 637 P.2d 362 (Colo.1981).

We deny wife's request for an award of her attorney fees and costs incurred to defend the pension division. *See* C.A.R. 38(d). However, on remand, wife may apply to the trial court for an award under § 14–10–119, C.R.S. (1987 Repl.Vol. 6B). *See In re Marriage of Meisner,* 715 P.2d 1273 (Colo.App. 1985).

The judgment is affirmed.

MARQUEZ, J., concurs.

VAN CISE, J.,* concurs in part and dissents in part.

Judge VAN CISE concurring in part and dissenting in part.

Because I agree with husband's contention that the trial court erred in dividing his military pension based on his rank at retirement, I respectfully dissent to Part I of the majority opinion. I agree, however, with the views expressed in the remainder of the opinion.

* Sitting by assignment of the Chief Justice under provisions of the Colo.Const., art. VI, § 5(3), and

Section 14–10–113(5), C.R.S. (1987 Repl. Vol. 6B) requires that, in a proceeding for dissolution of marriage, "property shall be valued as of the date of the decree or as of the date of the hearing on disposition of property if such hearing precedes the date of the decree." At the time the dissolution decree was entered here, which preceded the date of the hearing on disposition of property, husband was a captain. Therefore, wife's share must be based on the pension benefits of a captain. *See In re Marriage of Wormell,* 697 P.2d 812 (Colo.App.1985). *See also Grier v. Grier,* 731 S.W.2d 931 (Tex.1987).