**In re the MARRIAGE OF Nelson Oliver KELM, Appellant,**

**and**

**Eloise Rae Kelm, Appellee.**

**No. 92CA1720.**

Colorado Court of Appeals, Div. II.

Jan. 13, 1994.

Rehearing Denied March 3, 1994.

Certiorari Granted Aug. 8, 1994.

John E. Kirchner, Colorado Springs, for appellant.

William H. Kirkman, Jr., Colorado Springs, for appellee.

Opinion by Judge TAUBMAN.

In this dissolution of marriage action, Nelson Oliver Kelm (husband) appeals the property division and award of maintenance to Eloise Rae Kelm (wife). We affirm in part, reverse in part, and remand for amendment and clarification of the judgment.

As an initial matter, we note that the written order refers to husband sometimes

as "Respondent" and sometimes as "Petitioner." For the purposes of this appeal, we consider the erroneous references as clerical mistakes and give the order its reasonable meaning. However, on remand, the trial court may correct the order as appropriate under C.R.C.P. 60(a).

## I. Standard of Review

■ Trial courts are vested with broad discretion to fashion an equitable division of the parties' property in a dissolution proceeding, *In re Marriage of Gallo*, 752 P.2d 47 (Colo.1988), and appellate courts will not alter a property division absent an abuse of discretion. *In re Marriage of Graham*, 194 Colo. 429, 574 P.2d 75 (Colo.1978). It is against this backdrop that we review the following property divisions.

## II. Husband's Retirement Benefits

Husband contends that the trial court applied an improper fraction in dividing his unmatured retirement benefits under a reserve jurisdiction method and effectively awarded wife benefits which may be earned after the dissolution. We disagree.

■ Vested but unmatured pension benefits are marital property not subject to inflexible rules of property valuation. *In re Marriage of Grubb*, 745 P.2d 661 (Colo.1987).

■ The supreme court has explicitly recognized three distinct methods for dividing retirement benefits. *In re Marriage of Gallo, supra.* The present value method requires the trial court to determine the present value of the pension and compensate the non-pensioned spouse with other assets equal to his or her share in the pension.

■ The reserve jurisdiction method allows the trial court to reserve jurisdiction to determine what the non-pensioned spouse will be entitled to once payment of benefits begins. The supreme court has encouraged the use of this formula when, as here, "the difficulties of placing a present value on the pension, the needs of the parties, or the inability to set off a certain amount of property against the size of the pension militate against a present cash value method." *In re Marriage of Gallo, supra*, 752 P.2d at 55; *see In re Marriage of Nordahl*, 834 P.2d 838 (Colo.App.1992).

■ Another method of valuation, the deferred distribution method, permits the trial court to determine the non-pensioned spouse's percentage interest in the pension benefits on dissolution of the marriage but to defer distribution of that spouse's share until the pensioned spouse retires. *See In re Marriage of Gallo, supra.* Carew, *Tips, Tricks, & Traps: Valuing Benefits Under Colorado's PERA Plan*, 22 Colo.Law. 527 (March 1993).

■ The court here applied a combination of deferred distribution and reserve jurisdiction valuation. Using the deferred distribution method, it awarded wife "$19/20$ths $\times$ .50 $\times$ a gross amount of retired pay to which [husband] will be entitled at the time of retirement" and stated:

The court has based its formula on the testimony that [husband] will be entitled to receive retired pay after 30 years of service. If [husband] retires early or is subject to a reduction in force or a buy-out of his retirement benefit, this matter must be immediately brought to the attention of the Court. The Court specifically orders that in the event [husband] terminates his employment through the [Civil Service Retirement System] (CSRS) retirement program, he is to notify the Court, [wife] and her counsel within ten (10) days. In such event, the CSRS system is ordered to pay the benefits to [husband] into the Registry Fund of this court to be disbursed by Court Order.

Husband admitted at trial that the marital assets were insufficient to offset a present distribution of his retirement benefits. Therefore, the trial court did not abuse its discretion in applying a combination of the deferred distribution and reserve jurisdiction methods of dividing retirement benefits. *In re Marriage of Gallo, supra.* Indeed, the trial court's employment of the deferred distribution method "avoid[ed] the need to spend personal and judicial resources litigating pension questions in the future." *See* Carew, *supra*, 22 Colo.Law. at·529. We find no merit in husband's argument that a present value must be placed on his benefits.

■ We reject husband's argument that wife is entitled only to a portion of the

amount of pension husband would receive as of the date of dissolution. Indeed, another panel of this court rejected this argument and held that the value of the pension would be derived from the earliest date the pensioned spouse could retire and receive maximum benefits from the pension. *In re Marriage of Nordahl, supra.* Thus, the trial court did not abuse its discretion in determining that wife's fractional share of the retirement benefit should be calculated not as of the date of the dissolution, but as of the date of earliest possible retirement with full benefits. *See In re Marriage of Hunt,* 868 P.2d 1140 (Colo.App.1993).

 Finally, we conclude that the trial court correctly applied the "1%₀ths" fraction. Under standard "reserve jurisdiction" valuation, the denominator of the fraction would be the employee's total years of service at retirement, rather than a number fixed at the time of dissolution and the trial court would reserve jurisdiction to finalize the formula. *See, e.g., In re Marriage of Hunt, supra.* Here, however, the court applied the deferred distribution method to set the denominator at 30 years, consistent with husband's testimony that he would retire then to receive the "maximum possible benefit." The trial court also reserved jurisdiction in the event husband retired early or accepted a "buy out" of his pension. Since it appears that husband's pension benefit would not increase if he works more than 30 years, the court properly reserved jurisdiction to reconsider only these contingencies.

Contrary to husband's contention, the trial exhibits, including information about the calculation of husband's retirement benefits, do not appear in the appellate record. Therefore, we presume that those exhibits support the court's order. *See Loomis v. Seely,* 677 P.2d 400 (Colo.App.1983).

### III. Wife's PERA Account

 We find no merit in husband's argument that the trial court failed to make appropriate findings concerning the present value of wife's PERA account before awarding it to her.

The record discloses that wife had contributed about $3100 to PERA during six years of employment. The court awarded the entire account to her. That order is adequately detailed, is supported by the record, and also is consistent with husband's proposed valuation and division.

The method of valuation the trial court used gave appropriate weight to both parties' retirement benefits earned during marriage. *See In re Marriage of Hunt, supra. Cf. In re Marriage of Gavito,* 794 P.2d 1377 (Colo.App.1970). (Court required present value of wife's retirement plan to be determined where both husband and wife had made contributions to retirement plans and court divided husband's benefits because they were larger but allocated all of wife's benefits solely to her). The court is not required to value or divide the parties' respective retirement plans by any set method so long as the division is equitable. Here, the wife's retirement benefits were significantly less than the husband's benefits. Since the retirement benefits were the major assets of the marital estate, the trial court divided them equitably.

### IV. Husband's Accrued Retirement Funds

 However, we agree with husband that the trial court erred in awarding wife all husband's accrued retirement funds in the event of his death before retirement.

Husband was "ordered to maintain [wife] as beneficiary of the retirement funds in the event of his demise prior to retirement."

To the extent that those funds represent husband's contributions to the retirement plan made through regular salary deductions, the amount awarded to wife should be limited to those contributions made as of the dissolution. *See In re Marriage of McGinnis,* 778 P.2d 281 (Colo.App.1989).

On remand, the trial court is directed to amend the order to provide that wife receive a lump-sum distribution of only the pre-dissolution contributions. Husband also suggests that the order is unclear as to whether wife should be the beneficiary of a survivorship annuity, and the court shall clarify that point on remand.

### V. Maintenance

We also disagree with husband's contention that the trial court abused its discretion

**38**

in setting the amount and duration of maintenance. However, we conclude that remand is necessary for clarification regarding whether the trial court considered the amount of the husband's pension wife will receive in determining the award of permanent maintenance.

The trial court may award maintenance in such amounts and for such periods as it deems just. Section 14–10–114(2), C.R.S. (1987 Repl.Vol. 6B). If the trial court considers the statutory factors, its maintenance ruling will not be overturned absent an abuse of discretion. *See In re Marriage of Martin,* 707 P.2d 1035 (Colo.App.1985). A trial court may consider the receipt of future pension benefits in determining the amount of maintenance awarded. *See In re Marriage of Mirise,* 673 P.2d 803 (Colo.App. 1983).

Here, the trial court expressly considered the relevant statutory criteria. In light of wife's age, the length and standard of living of the marriage, and the parties' respective earning capacities, we find no abuse of discretion in the award of $750 per month for three years and $500 per month thereafter. However, the record does not indicate whether the trial court considered its award of future pension benefits in determining either the extent of wife's need for maintenance when she begins receiving her share of those benefits or the financial condition of husband at that time. Accordingly, on remand the trial court is directed to enter specific findings on this issue and whether any change in the maintenance award is appropriate. If the trial court in fact did consider the pension benefits in its initial award of maintenance, it need only to include this in its findings.

We also agree with the trial court's determination that, if circumstances arise which so warrant, husband may apply for modification under § 14–10–122(1)(a), C.R.S. (1993 Cum. Supp.) (unconscionability). *See In re Marriage of Dixon,* 683 P.2d 803 (Colo.App.1983). Alternatively, the trial court may reserve jurisdiction, pursuant to § 14–10–114 (1987 Repl.Vol. 6B), to review its maintenance award when wife begins receiving her share of the pension benefits. *See In re Marriage*

*of Caufman,* 829 P.2d 501 (Colo.App.1992) (court may reserve jurisdiction to modify maintenance upon occurrence of specific future event).

## VI. Attorney Fees

We do not consider this appeal frivolous and so deny wife's request for an award of attorney fees. *See* C.A.R. 38(d).

Similarly, we reject husband's final contention that the trial court abused its discretion by unfairly and inequitably dividing the marital estate. *See In re Marriage of Gallo, supra.*

That part of the judgment awarding to wife all husband's survivor benefits is reversed, and the cause is remanded for amendment and clarification of the judgment consistent with the views expressed in this opinion. The judgment is affirmed in all other respects.

TURSI and NEY, JJ., concur.