**In re the MARRIAGE OF Ronald M. PAYNE, Appellant,**

**and**

**Laura A. Payne, Appellee.**

**No. 94CA0836.**

Colorado Court of Appeals, Div. V.

May 4, 1995.

John E. Kirchner, Colorado Springs, for appellant.

Cross, Gaddis, Kin, Herd & Kelly, P.C., Debra L. Kelly, Colorado Springs, for appellee.

Opinion by Judge ROTHENBERG.

Ronald Monroe Payne (husband) appeals the permanent orders entered in this action dissolving his marriage to Laura Ann Payne (wife). We affirm.

I.

The parties were married for 22 years. At the time of dissolution and the hearing on permanent orders, husband was a career Air Force officer who was to retire within three

months. Wife had had a limited and sporadic employment history during the marriage but had obtained an advanced business degree four years before the dissolution. She was not currently employed.

In accordance with the principles set forth in *In re Marriage of Gallo*, 752 P.2d 47 (Colo.1988), the trial court awarded wife 48% of husband's military retirement pension. And, in order to guarantee wife's share of the benefit beyond husband's death, the court also ordered husband to elect the available Survivor Benefit Plan (SBP) protection, or a mutually-agreed-upon alternative plan.

Husband complied with the order by selecting the SBP required election of a base survivor benefit at a monthly cost of approximately $140. The cost of the Survivor Benefit Plan is deducted from the husband-retiree's gross pension income of $2200 per month before the net remainder is divided between the parties pursuant to the permanent orders. Thus, the expense is shared equally by both parties.

## II.

Husband contends that the trial court erred in requiring him to elect a Survivor Benefit Plan or its equivalent because, he argues, it gave wife an inequitable share of his military retirement pay. According to husband, the Survivor Benefit Plan is a court-created asset for wife's sole benefit that guarantees her a benefit in excess of those possessed by him and, thus, it should be funded solely by her. We are not persuaded.

■ Vested and matured military retirement pay that has accrued during all or part of a marriage constitutes marital property subject to equitable division in a dissolution proceeding. *In re Marriage of Gallo, supra.*

■ While the division must be equitable, it need not be mathematically equal. *In re Marriage of Sorensen*, 679 P.2d 612 (Colo. App.1984). The mechanism employed to effect an equitable division rests within the sound discretion of the trial court, and the court may enter a variety of orders to implement its decision. *In re Marriage of Fischer*, 834 P.2d 270 (Colo.App.1992).

■ Here, husband's right to receive military pension benefits was acquired almost entirely during the parties' marriage, whereas wife's limited employment did not result in any pension benefits. Further, the remaining marital property, which was equally divided, provided wife with no significant income. Thus, wife's share of the military pension constituted the major marital asset awarded to her.

The trial court found that the lengthy marriage and the lack of sufficient property to support the parties' established lifestyle created a "maintenance case consistent with the statutory guidelines." However, it also concluded that, based upon the wife's "relatively young" age and her advanced college degree, permanent maintenance should not be awarded.

After balancing the equities, the trial court awarded wife temporary maintenance in approximately the amount that wife eventually would receive each month from her share of husband's pension. This temporary maintenance is to continue until the pension payments begin, at which time maintenance terminates. The trial court's order thus considered the impact of wife's pension income on her need for maintenance. *Cf. In re Marriage of Fenimore*, 782 P.2d 872 (Colo.App. 1989) (adjustments to division of property made in order to avoid imposition of maintenance are justified); *In re Marriage of Icke*, 35 Colo.App. 60, 530 P.2d 1001 (1974), *aff'd*, 189 Colo. 319, 540 P.2d 1076 (1975) (trial court may require spouse owing a duty of support to maintain life insurance).

Contrary to husband's position, we also do not view the Survivor Benefit Plan as a separate asset awarded to wife. Instead, we view it as an equitable mechanism selected by the trial court to preserve an existing asset, *i.e.*, wife's interest in the military pension.

In other words, the trial court's order merely gives wife the right already enjoyed by husband, that is, the right to receive her share of the marital property awarded to her. *See In re Marriage of Bowman*, 226 Mont. 99, 734 P.2d 197, 203 (1987) (court recognized that "to terminate [wife's] survivor's benefits jeopardizes her 29 year investment in the marital estate."). *See also Matthews v. Mat-*

*thews,* 336 Md. 241, 647 A.2d 812 (1994) (court order requiring party to designate a former spouse as a plan beneficiary does not constitute a transfer of property). *But see In re Marriage of Lipkin,* 208 Ill.App.3d 214, 153 Ill.Dec. 122, 566 N.E.2d 972 (Dist.Ct. App.1991) (survivor's benefit is a separate and distinct property interest).

We also reject, as speculative, husband's claim that he could suffer a possible future loss of income from funding one-half of the Survivor Benefit Plan, if certain contingencies occur. There is no basis upon which this possible loss may be determined.

In sum, under the circumstances here in which the military pension constitutes a major portion of wife's future income, and her opportunities for acquiring personal retirement benefits are limited, we perceive no abuse of discretion in the trial court's order. *See In re Marriage of Fenimore, supra* (effect of survivor benefit on remainder of the property division ultimately is within the trial court's discretion).

Judgment affirmed.

DAVIDSON and KAPELKE, JJ., concur.