**In re the MARRIAGE OF Betty A. WOODMAN, Appellee,**

**and**

**C.B. Woodman, Jr., Appellant.**

**No. 83CA0169.**

Colorado Court of Appeals, Div. II.

Oct. 27, 1983.

Rehearing Denied Dec. 1, 1983.

When the parties' 30-year marriage was dissolved in October 1979, the husband, an accountant, earned a net monthly income of $839 with expenses of $952. The wife, a receptionist, netted $592 per month with expenses of $804. The trial court, noting the length of the marriage, the disparity in the parties' earning capacities, and the fact that the wife's expenditures exceeded her income "by several hundred dollars," awarded maintenance of $200 per month for three years. The court further provided that the issue of maintenance "shall be reserved, subject to review, to extend for a longer period of time if necessary."

In August 1981, the wife filed a motion to increase maintenance, citing the husband's improved financial circumstances and claiming that her status was relatively unchanged. The motion was heard in December 1982 and current affidavits showed that the husband then had a net monthly income of $1,599 and expenditures of $1664 (excluding the $200 maintenance). The wife's net income was $879 (not including maintenance) with expenditures of $1,269. Based on the foregoing, the court ordered (1) that maintenance continue past the three year period, and (2) that it be increased to the sum of $300 per month.

Citing *In re Marriage of Gallegos*, 41 Colo.App. 116, 580 P.2d 838 (1978), husband contends that the 1979 decree provided for maintenance in gross and, therefore, the court lacked authority to order maintenance continued or increased after November 1982. We do not agree.

In *Gallegos*, the order, entered June 8, 1973, required the husband to pay maintenance to the wife until June 3, 1976, at which time maintenance was to terminate. We held that "where ... maintenance is in a fixed and determinable amount to be paid either in a lump sum or is for a specific amount to be paid over a definite term, *unless the power [to modify] is expressly reserved by the court*, it is alimony in gross, and thus, is not subject to modifica-

Robert D. Hinds, Jr. & Associates, P.C., Mary Jane Truesdell Cox, Littleton, for appellee.

Robert W. Caddes, Denver, for appellant.

VAN CISE, Judge.

Husband appeals from an order increasing maintenance by $100 per month. We affirm.

tion on the basis of a change in circumstances." (emphasis supplied)

In the instant case, the decree expressly reserved the court's right to review maintenance and extend it for a "longer period of time if necessary." This "longer period" can only be that period beyond the original three years. Thus, the decree did not order maintenance in gross.

Also, this case is analogous to and is controlled by *In re Marriage of Sinn,* 674 P.2d 988 (Colo.App.1983). In *Sinn* there was a provision in the settlement agreement that the issue of maintenance should be reviewed by the court at the end of six months. This agreement was incorporated into and became a part of the decree of dissolution. Based on this, wife, at the end of the six month period, moved for and was granted a $100 increase and the term was extended for an additional two years. On appeal, Mr. Sinn contended there could be no modification absent a showing that the original maintenance provision had become unconscionable as required by § 14–10–122, C.R.S.1973. This court held:

> "[C]ontrary to husband's contention, the court was not modifying a maintenance provision.... Rather, the court was acting under the authority of the agreement to review the situation of the parties completely and, in its discretion, to make whatever provision for further maintenance it deemed necessary.

> "Accordingly, the issue was not one of the unconscionability of the initial maintenance order. The court was free to determine the amount of maintenance to be awarded to wife, if any, and the duration of such payments under the standards of § 14–10–114, C.R.S.1973."

The "agreement to review" in *Sinn,* having been made a part of the court order, is, for all practical purposes, the same as the court-ordered "reserved, subject to review" in the instant case.

■ Here, the trial court at the review hearing did find that there was "a change

of circumstances that is so substantial as would render the original order ... unconscionable." But, because of the reservation in the original order, that finding was unnecessary. The appropriate standard, § 14–10–114, C.R.S.1973, and not § 14–10–122, C.R.S.1973, is set out in *In re Marriage of Sinn, supra.*

■ Husband also contends that the trial court failed to consider his ability to pay increased maintenance. We disagree.

The trial court's determination is supported by evidence that the husband's income increased significantly while the wife experienced a modest increase. Despite the wife's increase, she was experiencing greater monthly deficits than in 1979. Furthermore, a considerable portion of the husband's 1982 monthly expenses was attributable to his voluntary decision to purchase the wife's equity in the family home. There is no indication that the court failed to consider, or gave insufficient weight, to the husband's ability to pay. We conclude that the court neither abused its discretion nor exceeded its jurisdiction in entering the $300 open-ended maintenance order.

Husband's other contentions are without merit.

Order affirmed.

SMITH and KELLY, JJ., concur.