In re the MARRIAGE OF: Jean N. MIRISE, n/k/a Jean N. Luebbermann, Appellant,

and

Kenneth E. Mirise, Appellee.

No. 82CA0939.

Colorado Court of Appeals, Div. II.

Nov. 3, 1983.

Evans & Briggs, Paul V. Evans, G. Scott Briggs, Colorado Springs, for appellant.

Wayne C. Hodson, Colorado Springs, for appellee.

SMITH, Judge.

In this dissolution of marriage action, the wife appeals the court's treatment of the maintenance award. We affirm.

The facts of the case are basically undisputed. In August 1981 the trial court entered a decree dissolving the marriage of the parties, and contemporaneously entered orders relative to division of property and maintenance. At trial, the court was advised by the wife's attorney that the wife intended to seek War Widow's Pension Benefits from the government that would perhaps be available as a result of her previous husband's death in 1943. The court determined that, in addition to her social security disability pension, and the net income from the apartment house awarded to her, the wife required $1,000 per month in order to support and maintain herself. The court awarded her that amount as maintenance. The trial court found husband able to pay that amount from his gross retirement income of $3,400 per month. The trial court, however, considering the wife's intention to seek War Widow's Pension Benefits, stated in its decree:

"The court specifically retains jurisdiction to adjust such award [of maintenance] should Petitioner receive benefits which are restored to her as Colonel Luebbermann's widow, and Petitioner is instructed to file an appropriate notice, with notice to Respondent's counsel, if and when such benefits begin."

That decree was entered on August 4, 1981, and neither party appealed therefrom.

Approximately two months later the wife gave due notice to the respondent's counsel and to the court that she had, in fact, been authorized to receive benefits from the government in the amount of $760 per month, pursuant to the War Widow's Pension Benefit law. Shortly thereafter, the husband's attorney filed a motion to terminate maintenance, which came on for hearing in February 1982. At the conclusion of the hearing, the court reduced wife's maintenance entitlement to $300 per month. Both parties were present in court and neither testified. It was, however, undisputed that wife had been awarded the $760 per month from the government.

The wife asserts that the trial court improperly modified her prior award of maintenance and further asserts that the court abused its discretion in determining what the proper maintenance award should be.

### I.

■ In this case the trial court specifically retained jurisdiction to adjust the maintenance award based upon the potential receipt by the wife of the widow's pension benefit for which she had applied. The court was aware at the time the decree was entered that there was a possibility of the wife's receiving these monthly benefits. The dissolution decree, by its terms, anticipated the very occurrence, or change in circumstances, upon which the court, at the subsequent hearing, based its order. The issue then is whether the court was required to find that the statutory threshold as contained in § 14–10–122, C.R.S.1973, had been met for modifying a prior maintenance award or whether the court had the power to reserve the right to modify its judgment based upon the occurrence of an expressly anticipated change of circumstances.

The court, in fact, did make a finding that the commencement of the wife's entitlement to $760 a month in benefits because of the death of her first husband constituted "such a change as to be so substantial and continuing as to make the terms of the original order unconscionable." The trial court in making this finding observed that it felt such a finding was unnecessary. We agree with that observation.

There was no modification under § 14–10–122, C.R.S.1973 here. *In re Marriage of Woodman,* (Colo.App. No. 83CA0169, October 27, 1983); *see also In re Marriage of Sinn,* 674 P.2d 988 (Colo.App. No. 81CA0403, August 4, 1983). What was intended to be only a temporary order pending determination of eligibility for the widow's pension was merely superseded by a permanent one, the essence of which had been anticipated by the trial court. The second order does not change the court's original finding as to wife's maintenance needs. Rather, it determines that $700 of those needs are being met by the widow's pension and that, therefore, husband need pay only $300 per month.

### II.

Wife also contends that the trial court abused its discretion in reducing the monthly amount husband should be required to pay as maintenance. We find no merit in this contention.

Relying upon *In re Marriage of Anderson,* 638 P.2d 826 (Colo.App.1981), and *In re Marriage of Davis,* 44 Colo.App. 355, 618 P.2d 692 (1980), wife asserts that there should have been an evaluation of whether a change of circumstances has occurred which has created an ongoing condition that is substantially unconscionable, unreasonable, unjust, or unfair as to husband's ability. These cases involve modification, which, as we have previously stated, did not occur here except as to the source from which wife's support should come.

■ Maintenance, unlike its predecessor, alimony, is primarily concerned with insuring that, after dissolution, the basic needs of a disadvantaged spouse are met. It is not a method of perpetuating a pre-dissolution duty, but rather imposes a duty on the other spouse only if there is no other

feasible source from which the needs can be met. Here, there was another such source.

Judgment affirmed.

VAN CISE and KELLY, JJ., concur.