In re the MARRIAGE OF Bonnie BOW-
MAN–BARRY, n/k/a Bonnie-Lee Bow-
man, Appellee and Cross–Appellant,

and

William M. Barry, Appellant and
Cross–Appellee.

No. 86CA1385.

Colorado Court of Appeals,
Div. III.

Dec. 17, 1987.

Frey, Lach & Michaels, P.C., Susan M.
Lach, Fort Collins, for appellee and cross-
appellant.

Phyllis Cox & Associates, Phyllis Cox,
Denver, for appellant and cross-appellee.

BABCOCK, Judge.

William M. Barry (husband) appeals the
trial court order modifying his maintenance
obligation to Bonnie–Lee Bowman (wife)
and awarding her attorney fees. Wife
cross-appeals the denial of increased child
support and the amount of maintenance
and attorney fees awarded. We affirm in
part, reverse in part, and remand.

The parties' 18–year marriage was dis-
solved in 1983. Husband was ordered to
pay maintenance of $500 per month until
March 1986 and child support of $300 per
month for each of the parties' three chil-
dren. The order stated, "The court shall
retain jurisdiction for modification as pro-
vided by law."

In February 1986, wife moved to continue maintenance and increase child support. Wife then had monthly income of $910 and expenses of $2006, including $627 for the children. Husband has gross monthly income of $5000, plus bonuses, and expenses of $4309, including $2246 for the children. The oldest child was in college, the second living with husband, and the youngest living with wife.

In its August 1986 order, the trial court concluded that no showing of unconscionability was necessary to modify maintenance and that maintenance should continue at $300 per month. The trial court extended child support for the oldest child through June 1988, when she was expected to finish college, but did not otherwise modify child support. Wife requested $2750 in attorney fees and costs, but the trial court awarded only $1500.

■ Husband contends that the trial court should have applied the unconscionability standard to wife's motion to modify maintenance. We agree.

Maintenance may be modified upon a showing of changed circumstances so substantial and continuing as to make the existing terms unconscionable. Section 14–10–122(1), C.R.S. (1987 Repl.Vol. 6B). That standard does not apply if the court expressly reserves jurisdiction to review, adjust, or extend the award upon a specified event. *See In re Marriage of Sinn*, 696 P.2d 333 (Colo.1985); *In re Marriage of Mirise*, 673 P.2d 803 (Colo.App.1983); *In re Marriage of Woodman*, 676 P.2d 1232 (Colo.App.1983).

Here, the trial court reserved "jurisdiction for modification as provided by law," but we do not find any reservation allowing the court to use a standard other than unconscionability. Therefore, the trial court erred in failing to apply the unconscionability standard to wife's motion.

■ Husband also contends that wife failed to meet the unconscionability standard. Wife argues that she not only met that standard, but that the trial court's award of maintenance was insufficient. Based on the record in this case, we cannot conclude as a matter of law that the maintenance terms had or had not become unconscionable. That determination is left to the trial court on remand.

Husband next contends that the trial court erred in awarding wife attorney fees, while wife contends that the amount awarded was insufficient. We disagree with both parties.

■ Where, as here, a disparity exists between the parties' earning capacities, an award of attorney fees is permissible. *In re Marriage of DaFoe*, 677 P.2d 426 (Colo. App.1983). However, in light of our reversal of the modification of maintenance, the trial court may reconsider the amount of the award. The trial court must also make findings on the reasonableness of the fees. *See In re Marriage of Kiefer*, 738 P.2d 54 (Colo.App.1987).

Wife contends that the trial court erred in refusing to increase child support. We disagree.

■ Under § 14–10–122(1), C.R.S., the former version of the statute applicable to this proceeding, child support could be modified only on a showing of changed circumstances so substantial and continuing as to make the existing terms unconscionable. A determination of child support is within the discretion of the trial court and will not be disturbed absent an abuse of discretion. *In re Marriage of Mizer*, 683 P.2d 382 (Colo.App.1984). Here, the trial court applied the correct standard, and we perceive no abuse of discretion.

That part of the trial court order concerning maintenance and award of attorney fees is reversed and the cause is remanded for reconsideration under the applicable standards and a determination of the reasonableness of the fees. That part of the order concerning child support is affirmed.

VAN CISE and STERNBERG, JJ., concur.