In re the **MARRIAGE OF Rodney C. DWYER, Appellant,**

**and**

**Anne E. Dwyer, Appellee.**

**No. 90CA0496.**

Colorado Court of Appeals,
Div. IV.

July 5, 1991.

Rehearing Denied Sept. 26, 1991.

Certiorari Denied March 16, 1992.

Alan Jensen, Colorado Springs, for appellant.

Carol Martin, Pueblo, for appellee.

Opinion by Judge ROTHENBERG.

Rodney C. Dwyer, husband, appeals from an order of the trial court extending the duration of maintenance payable to Anne E. Dwyer, wife. We affirm.

The parties' twenty-four year marriage was dissolved in December 1983. Before the marriage, wife had been certified as a school teacher in another state; however, she had been out of the work force for many years. At the time of dissolution, wife anticipated that she could obtain her Colorado teaching certificate and become self-supporting within five years.

The court awarded her spousal maintenance until August 1987 and expressly reserved jurisdiction to continue it beyond that date. The court stated:

"The petitioner shall pay spousal maintenance ... through August, 1987. This court retains jurisdiction to continue further spousal maintenance after August 1987."

Thereafter, wife filed a motion to continue the maintenance pursuant to the court order reserving jurisdiction over maintenance or, in the alternative, to modify maintenance pursuant to § 14–10–122, C.R.S. (1987 Repl.Vol. 6A). *See In re Marriage of Aldinger*, (Colo.App. 813 P.2d 836 1991). As grounds wife alleged that despite her recertification, she had been unable to obtain a teaching job or any other gainful employment. Husband opposed her motion, contending that wife's efforts to obtain a teaching job were inadequate.

Following an evidentiary hearing, the trial court found that wife's inability to obtain employment as a teacher resulted from a combination of factors, including an overabundance of teachers, wife's age (52 years old), and cutbacks in public school budgets. The court found that wife had unsuccessfully filed numerous job applications for alternative employment. Although wife had just completed cosmetology training, her earnings were minimal, and her future annual earnings would approximate $12,000 if and when she became established as a cosmetologist.

The court found:

"The record clearly establishes that despite the continuing efforts of the Respondent wife, her earning capacity is not sufficient to provide for her reasonable needs much less to maintain the standard of living enjoyed by the parties prior to their divorce.

In light of the current financial conditions and the Respondent wife's age, it cannot reasonably be anticipated that the Respondent wife's earning capacity will substantially improve."

In light of these circumstances, the court awarded wife continuing maintenance of $900 per month, a reduction from the previous $1,000 per month award.

## I.

■ Husband's first contention is that since the wife is cohabitating with an adult male, maintenance should be terminated as a matter of law under § 14–10–122(2), C.R.S. (1987 Repl.Vol. 6B). We disagree.

Section 14–10–122(2) provides:

"Unless otherwise agreed in writing or expressly provided in the decree, the obligation to pay future maintenance is terminated upon the death of either party or the *remarriage* of the party receiving maintenance." (emphasis added).

Initially, we note that husband does not suggest that wife's new relationship constitutes a valid common law marriage which would concededly be a "remarriage" within the meaning of § 14–10–122(2). *See People v. Lucero*, 747 P.2d 660 (Colo.1987). Rather, he argues that § 14–10–122(2) should apply to cohabitation as well as remarriage.

Although no Colorado case is directly on point, a majority of the jurisdictions that have addressed this issue have held that a former spouse's unmarried cohabitation is not, in and of itself, sufficient ground for suspending, reducing, or terminating maintenance. *See Alibrando v. Alibrando*, 375 A.2d 9 (D.C.1977); *Sieber v. Sieber*, 258 N.W.2d 754 (Minn.1977); *Garlinger v. Garlinger*, 137 N.J.Super. 56, 347 A.2d 799 (1975). *See generally* J. Oldham, *The Effect of Unmarried Cohabitation by a Former Spouse Upon His or Her Right to Continue to Receive Alimony*, 17 J.Fam.L. 249 (1978).

The rationale for adopting this approach is that unmarried cohabitants do not assume the reciprocal obligations of marriage, including the common law duty of support. *See Mitchell v. Mitchell*, 418 A.2d 1140 (Me.1980); *Bisig v. Bisig*, 124 N.H. 372, 469 A.2d 1348 (1983).

An additional rationale was used by the Kentucky supreme court which also rejected the same argument made by husband here. The Kentucky court reasoned that such an interpretation of its statute, which

is identical to ours, would violate the plain meaning of the statutory term "remarriage." *Lydic v. Lydic,* 664 S.W.2d 941 (Ky.Ct.App.1983).

We agree with both rationales and, therefore, hold as a matter of law that the existence of cohabitation in and of itself is not tantamount to "remarriage" for purposes of § 14–10–122(2).

Finally, we note that there is no evidence that the wife's cohabitation here did in fact diminish or eliminate her need for continuing maintenance. To the contrary, wife introduced into evidence a written agreement which she and her cohabitant had executed approximately two years before the hearing. The agreement explicitly stated that the parties thereto would not be legally responsible for each other's support and their separate assets and liabilities would remain separate.

Further, wife testified that she pays $200 per month rent, that she and her cohabitant contribute jointly to other household expenses, and that living in this arrangement has resulted in only a modest reduction of her monthly housing and food expenses. Thus, apart from an incidental reduction of her living expenses, her cohabitant does not contribute to her support.

In sum, the record here supports the trial court's finding that the wife needed continuing maintenance. *See* § 14–10–114, C.R.S. (1987 Repl.Vol. 6B); *In re Marriage of Woodman,* 676 P.2d 1232 (Colo.App. 1983) (finding that there was a change of circumstances so substantial as to render original maintenance order unconscionable was unnecessary where court decree expressly reserved court's right to review and extend maintenance). *Cf. In re Marriage of Bowman–Barry,* 749 P.2d 465 (Colo.App.1987).

In view of this disposition we need not consider wife's additional contention that *In re Marriage of Serdinsky,* 740 P.2d 521 (Colo.1987) also prohibited the trial court from considering any financial support that she receives as a result of the cohabitation.

II.

Husband next argues that the trial court abused its discretion in continuing the wife's maintenance and in determining that he is financially capable of meeting the maintenance obligation. We find no error.

The trial court found, over disputed evidence, that physician husband has maintained a standard of living comparable to the standard enjoyed by the parties before their dissolution, but wife has been forced to deplete a substantial portion of her share of the marital property in order to maintain an "extremely modest" standard of living. The court's extensive factual findings reflect a proper consideration of the relevant statutory factors, and since these findings have support in the record, they are binding on review. *See In re Marriage of Perlmutter,* 772 P.2d 621 (Colo.1989).

The husband's remaining contentions are without merit.

The order is affirmed.

HUME and REED, JJ., concur.