In re the MARRIAGE OF Joyce
C. CAUFMAN, Appellee,

and

Kenneth E. Caufman, Appellant.

No. 91CA0144.

Colorado Court of Appeals,
Div. V.

March 12, 1992.

Frey, Lach & Michaels, P.C., Susan M. Lach, Fort Collins, for appellee.

Robert Ausenhus, Loveland, for appellant.

Opinion by Judge ROTHENBERG.

Kenneth E. Caufman (husband) appeals the trial court's order extending the period of his maintenance obligation to Joyce C. Caufman (wife). We affirm.

The parties' 25-year marriage was dissolved in January 1989. At the time of the dissolution, wife was completing her masters degree and was receiving $605 per month under a college assistantship. Husband's gross income exceeded $5,000 per month. The trial court ordered husband to pay $1000 monthly maintenance to wife for one year and $400 per month for the following year.

The order also provided:

*The Court shall retain jurisdiction over the issue of maintenance to review and modify this order;* maintenance shall terminate on January 1, 1991, unless further order of this Court is obtained. (emphasis added)

In 1990, wife moved to continue maintenance at a minimum of $400 per month. Following a hearing, the trial court granted wife's motion. In doing so, it considered wife's current income compared to what it might have been had she worked during the marriage, the standard of living during the marriage, the duration of the marriage, wife's ability to meet her needs, and husband's ability to pay.

## I.

Husband now contends that the trial court erred by failing to apply the unconscionability standard in § 14–10–122, C.R.S. (1991 Cum.Supp.) to wife's motion to continue maintenance instead of the standard set forth in § 14–10–114, C.R.S. (1991 Cum. Supp.). We disagree.

The cases discussing the standard to be used for the modification, termination, or continuation of maintenance generally fall into three categories: situations in which the court makes no provision to review maintenance; those in which the court reserves jurisdiction to modify "as provided by law"; and those in which the court in some form reserves the jurisdiction to review, adjust, or extend maintenance.

### A.

If the trial court makes *no provision* to review maintenance, maintenance may be modified only upon a showing of changed circumstances so substantial and continuing as to make the original award unconscionable. Section 14–10–122(1), C.R.S. (1991 Cum.Supp.). *See In re Marriage of Bowman–Barry,* 749 P.2d 465 (Colo.App.1987).

### B.

Similarly, if the trial court merely reserves jurisdiction for modification "as provided by law," or fails to establish a legal standard in its order, the statutory requirements of changed circumstances and unconscionability in § 14–10–122 also apply. *See In re Marriage of Bowman–Barry, supra* (court reserved "jurisdiction for modification as provided by law"); *In re Marriage of Aldinger,* 813 P.2d 836 (Colo.App.1991) (where court ordered maintenance to continue for 24 months "or until further order of this court," unconscionability standard applied).

### C.

However, the case law has not been as clear in those situations in which the trial court has reserved jurisdiction *in some form* to review, adjust, or extend maintenance.

In *In re Marriage of Mirise,* 673 P.2d 803 (Colo.App.1983), the trial court was advised at the time of permanent orders that wife intended to seek War Widows' Pension Benefits from the government, which

might be available as a result of her previous husband's death. Based on this information, the court awarded wife a certain amount of maintenance and specifically retained jurisdiction to adjust the award if wife received widow's pension benefits.

After wife received those benefits, husband moved to terminate maintenance. The issue before the court was which statutory standard applied. The trial court ruled that § 14–10–114 applied, rather than the unconscionability standard, and we approved that ruling. Thus, *Mirise* stands for the proposition that if a trial court expressly reserves jurisdiction to review, adjust, or extend a maintenance award based upon a specified future event, the standard in § 14–10–114, rather than the unconscionability standard in § 14–10–122, applies at a modification hearing.

*Mirise*, however, did not resolve the issue of which standard applies to a motion for modification where, as here, a trial court specifically reserves jurisdiction to review and modify maintenance at a specific time in the future, but the court does not refer to a specific or detached future event. Nevertheless, that issue was resolved in *In re Marriage of Sinn*, 674 P.2d 988 (Colo. App.1983), *rev'd on other grounds*, 696 P.2d 333 (Colo.1985).

■ In *Sinn*, the trial court approved the parties' separation agreement stating that husband would pay maintenance for six months at $200 per month and, at the end of that period, the trial court would "review the issue" of spousal maintenance. The trial court stated it would then enter its own order based on the facts as it then found them to be.

At the end of the six months, wife sought and received a court order continuing her spousal maintenance. On appeal, husband raised the exact issue we face here; that is, he contended the trial court had erred in applying § 14–10–114 to wife's motion for continuation of maintenance, rather than the unconscionability standard in § 14–10–122. This court disagreed, stating that:

> [T]he issue was not one of the unconscionability of the initial maintenance order. The court was free to determine the amount of maintenance ... under § 14–10–114, C.R.S. *In re Marriage of Sinn, supra.*

Although *Sinn* was reversed on other grounds, our supreme court specifically did not review that part of this court's decision holding that § 14–10–114 was to be used in modifying the maintenance award. *See In re Marriage of Sinn, supra.*

Thus, *Sinn* is dispositive of the issue now before us.

Similarly, *In re Marriage of Woodman*, 676 P.2d 1232 (Colo.App.1983), where the trial court awarded maintenance for three years and provided that maintenance "shall be reserved, subject to review, to extend for a longer period of time if necessary," the standard of review for modification was that set out in § 14–10–114.

In support of his contention that the unconscionability standard of § 14–10–122 applies, rather than § 14–10–114, husband relies upon *In re Marriage of Wolford*, 789 P.2d 459 (Colo.App.1989); *In re Marriage of Bowman–Barry, supra;* and *In re Marriage of Aldinger, supra.* We do not agree that those cases compel another result.

Husband's reliance on *Bowman–Barry* and *Aldinger* is misplaced because in those cases the trial courts merely reserved jurisdiction for modification "as provided by law" or "until further order of the court."

In *Wolford*, the trial court awarded wife maintenance in varying sums for six and one-half years and also reserved jurisdiction to enter a maintenance award based on the abilities and need of each party at the end of that time. Only twenty months after permanent orders, wife filed a motion to modify maintenance based primarily upon *In re Marriage of Gallo*, 752 P.2d 47 (Colo.1988), a landmark ruling which affected the division of husband's military pension. Thus, the primary issue in *Wolford* was the retroactivity of the *Gallo* decision.

As an ancillary issue, wife also contended that the trial court abused its discretion by denying her motion to modify maintenance. A division of this court rejected

that argument. It found no abuse of discretion by the trial court and further noted, without citation of authority, that there had not been "a change of circumstances so substantial and continuing as to warrant a change in the original order."

Importantly, in *Wolford,* the issue of which statutory standard should apply to wife's motion for modification was not even raised, and it thus appears that the parties and this court assumed the unconscionability standard applied. *Cf. In re Marriage of Dwyer,* 825 P.2d 1018 (Colo.App.1991) (issue of unconscionability standard not raised by parties but assumed to apply in case where trial court ruled that "[t]his court retains jurisdiction to continue further spousal maintenance after August 1987").

Based upon our analysis of the existing case law, we therefore conclude that *In re Marriage of Sinn, supra,* and *In re Marriage of Woodman, supra,* remain dispositive of the issue before us, and, insofar as this holding may be construed as inconsistent with *Wolford,* we decline to follow it.

Our conclusion is also based upon our recognition that in some cases maintenance may be appropriate. However, there may exist at the time of permanent orders an important contingency, the outcome of which may significantly affect the amount, or duration of the maintenance. We are persuaded that giving trial courts the authority specifically to reserve jurisdiction over maintenance in limited cases is a reasonable and practical use of the trial court's discretion and is beneficial to both parties.

Here, for example, at the time of permanent orders, the husband's gross income was over eight times that of wife's, and the trial court may well have been justified in initially awarding wife permanent maintenance without reserving jurisdiction. *See In re Marriage of Sinn, supra.* If the court had done so, husband then would have had the burden of proving unconscionability under § 14–10–122 in order to obtain a modification.

However, despite the wife's limited income, the trial court also noted that wife was about to complete her education and that within a specific and reasonable period of time, her income would likely increase substantially so as to affect her need for permanent maintenance. The trial court in its discretion preferred specifically to reserve jurisdiction over maintenance and give wife two years to complete her education, obtain future employment, stabilize her financial situation, and then demonstrate her need for continued maintenance pursuant to § 14–10–114. *See In re Marriage of Mirise, supra; In re Marriage of Woodman, supra.* Thus, in doing so, the trial court conferred a substantial benefit upon husband. *See In re Marriage of Sinn, supra.*

■ In summary, we hold that a trial court may specifically reserve maintenance jurisdiction under § 14–10–114 in cases in which: (1) at the time of permanent orders, an important contingency exists, the outcome of which may significantly affect the amount or duration of the maintenance award; (2) the contingency is based upon an ascertainable, future event or events; and (3) the contingency can be resolved within a reasonable and specific period of time. *See In re Marriage of Mirise, supra* (at time of permanent orders, wife aware of potential widow's pension).

■ Further, if the trial court intends to reserve jurisdiction over maintenance pursuant to § 14–10–114, it should, at the time of entering permanent orders: (1) state its intent to do so on the record; (2) briefly outline its reasons for doing so, that is, state the ascertainable future event or events upon which the reservation of maintenance jurisdiction is based; and (3) set forth a reasonably specific future time within which maintenance may be reconsidered *under § 14–10–114.*

*Absent such findings by the trial court, we will presume that any further review of maintenance must be governed by the unconscionability standard in § 14–10–122.*

■ Turning to the circumstances before us, here, the trial court's findings regarding maintenance do not meet the criteria

we have established for future cases. Nevertheless, the record amply supports such findings. We therefore conclude that the trial court applied the proper legal standard in deciding whether to extend husband's maintenance obligation.

## II.

Husband next contends that, even if the trial court applied the proper legal standard, it nevertheless abused its discretion by continuing maintenance past the termination point. We disagree.

 The trial court made sufficient findings to justify its order continuing maintenance in this matter. When a trial court's order is supported by competent evidence, it should not be disturbed on review. *In re Marriage of Jones*, 627 P.2d 248, 254 (Colo. 1981).

We deny without prejudice wife's request for an award of fees and costs for this appeal. She may apply to the trial court for such an award. *See In re Marriage of Meisner*, 715 P.2d 1273 (Colo.App. 1985).

The order is affirmed.

PLANK and DAVIDSON, JJ., concur.