In re the **MARRIAGE OF** Jane R. **FOLWELL, Appellee,**

and

Nathan T. **Folwell, IV, Appellant.**

No. 94CA1786.

Colorado Court of Appeals, Div. III.

Dec. 7, 1995.

Jon Slaughter Pelegrin & Associates, P.C., Jon Slaughter Pelegrin, Lakewood, for Appellee.

Robert T. Hinds, Jr. & Associates, P.C., Ray L. Weaver, Denver, for Appellant.

Opinion by Judge BRIGGS.

In this post-dissolution action, Nathan T. Folwell, IV (husband) appeals the trial court's order modifying maintenance and child support payable to Jane Folwell (wife). The wife petitions the court for attorney fees incurred on appeal pursuant to § 13–17–101, et seq., C.R.S. (1987 Repl.Vol. 6A) and § 14–10–119, C.R.S. (1987 Repl.Vol. 6B). We affirm the order in part, reverse it in part, and remand for further findings. We further reject the wife's claim for attorney fees pursuant to § 13–17–101, et seq., and remand the cause to the trial court to address the wife's claim for attorney fees under § 14–10–119.

After the dissolution of their 33–year marriage, the husband was ordered to pay the wife monthly maintenance of $3400 and child support of $500. Five years later, as the husband approached retirement, he moved for termination of maintenance. The trial court denied the motion but granted a down-

ward modification of monthly maintenance to $1000 for the balance of that year and the next, $800 for the following four years, and $600 thereafter. Monthly child support was recalculated consistent with modified maintenance and increased to $625, $643, and finally $729 for each respective period of time.

## I.

The husband first contends that the trial court erred in failing to consider, and make findings regarding, all the factors relevant to determining maintenance as set forth in § 14–10–114, C.R.S. (1987 Repl.Vol. 6B), including the initial determination of necessity for maintenance, and by instead using the standard for modification set forth in § 14–10–122, C.R.S. (1995 Cum.Supp.). We perceive no error.

A trial court may retain jurisdiction over maintenance pursuant to § 14–10–114 if, at the time of permanent orders, an important future contingency exists which can be resolved in a reasonable and specific period of time, and if the court explicitly states its intent to reserve jurisdiction, describes the future event upon which the reservation of jurisdiction is based, and sets forth a reasonably specific future time within which maintenance may be considered under § 14–10–114. Absent such findings, any review of a motion to modify maintenance is to be governed by the standard set forth in § 14–10–122(1)(a), C.R.S. (1995 Cum.Supp.). *In re Marriage of Caufman*, 829 P.2d 501 (Colo. App.1992).

Here, the trial court in its permanent orders stated that it "shall retain jurisdiction over the parties for the purposes of future consideration of maintenance and child support" and awarded maintenance for an indefinite period of time. This, by itself, is arguably insufficient to preserve review under § 14–10–114. However, the trial court also incorporated in the order its oral findings and conclusions, in which jurisdiction was specifically reserved to review maintenance when the husband retired. Thus, under *Caufman*, the factors set forth in § 14–10–114 apply in addressing the husband's motion to terminate maintenance.

In its bench ruling, the trial court stated that it applied § 14–10–122 in ruling on the husband's motion. However, in the written order, the court specified that both §§ 14–10–122 and 14–10–114 were considered. In any event, because the trial court determined it was inappropriate to continue maintenance at the same level, we find no reversible error in the trial court's reference to § 14–10–122. *See In re Marriage of Connell*, 831 P.2d 913 (Colo.App.1992). Furthermore, we are convinced that the trial court adequately addressed the factors listed in § 14–10–114 by its express reference to the statute in its written order and by its specific findings as to the husband's ability to pay maintenance after his retirement at age 60, the marital property awarded to the wife, and the wife's future earning capacity, age, and physical condition. *See In re Marriage of Udis*, 780 P.2d 499 (Colo.1989) (though trial court's order not detailed, it expressly and impliedly reflected consideration of several of the relevant statutory criteria); *In re Marriage of Bookout*, 833 P.2d 800 (Colo. App.1991).

## II.

The husband separately contends that the trial court erred in providing for future adjustments to maintenance because any modifications must be based only on current economic circumstances. In the circumstances presented here, we agree.

The receipt of benefits in a known amount at a definite date in the future is a proper consideration in setting the amount and duration of maintenance. *See In re Marriage of Kelm*, 878 P.2d 34 (Colo.App. 1994); *In re Marriage of Mirise*, 673 P.2d 803 (Colo.App.1983). If the court is aware of a definite future contingency but its financial impact is unknown, the court may reserve jurisdiction, as already discussed. *See In re Marriage of Caufman, supra.* Otherwise, modification of maintenance must be based upon the parties' needs and circumstances at the time of the hearing rather than speculation about future conditions. *See In re Marriage of Nevil*, 809 P.2d 1122 (Colo.App. 1991).

The trial court made extensive findings regarding the parties' present circumstances, including the husband's retirement; the wife's choice of one of two options under the husband's pension plan to receive a smaller benefit immediately, rather than a larger benefit upon the husband's retirement; and the wife's employment, expenses, age, and health. Additionally, both parties presented evidence as to additional retirement funds available to the wife at age 59½ and their ability to obtain social security benefits at specified ages.

It also appears, however, that the trial court adopted the recommendations of the wife's expert in financial planning that maintenance in the future be decreased from $1000 to $800 and later to $600. The testimony and exhibits offered by the expert indicate that her recommendations were based on, among other things, certain assumptions about increases in both the wife's income and the parties' living expenses.

■ Such assumptions may be a necessary part of financial planning, but they constitute improper speculation upon which to base future changes in maintenance. See In re Marriage of Nevil, supra; cf. In re Marriage of Ward, 717 P.2d 513 (Colo.App.1985), rev'd on other grounds, 740 P.2d 18 (Colo.1987). We further note that, while the change in maintenance to $600 coincides with the wife's receipt of social security benefits, we find no event which coincides with the change from $1000 to $800. Cf. In re Marriage of Mirise, supra (wife's receipt of pension benefits recognized as the reason for decreased maintenance).

■ Thus, we conclude that the trial court's award of $1000 maintenance, inasmuch as it is based on the parties' current circumstances, is supported by evidence in the record. However, we are unable to determine the evidentiary basis that would justify the incremental future reductions. Accordingly, we affirm the modification of maintenance at $1000 but conclude that remand is necessary for further findings concerning the automatic decreases to $800 and $600. In the event that the trial court on remand concludes that the automatic decreases are not supported by the evidence, it

may consider whether, nevertheless, jurisdiction should be retained to modify maintenance upon the occurrence of any specified known event whose financial impact is unknown. See In re Marriage of Caufman, supra.

### III.

The husband asserts that, since his retirement benefits were already divided as marital property, it was error to require him to continue to pay the wife out of those funds. We disagree with the factual premise of the argument and find no reversible error.

At the time of the dissolution, the husband's pension was equally divided. His continued employment after that time increased his monthly benefit by an additional $2500. Since maintenance can be satisfied out of those funds, no marital property need necessarily be used.

### IV.

■ The husband's next contention is that income should be imputed to the wife because she created the appearance of financial need by choosing a retirement plan option that resulted in a smaller payment and delaying payment from another plan and by requesting that the court ignore the equity in her home. We perceive no error.

The evidence showed that the wife's motive for choosing the retirement options stemmed from a desire to ensure a lifelong stream of benefits. A decision that income should be imputed to the wife for not choosing differing retirement options or for not using equity in the home for living expenses would be tantamount to requiring her to exhaust her portion of the marital property before she is entitled to maintenance. This she was not required to do. See In re Marriage of Sewell, 817 P.2d 594 (Colo.App.1991).

We therefore find no abuse of discretion in the trial court's determination of continued maintenance in the amount of $1000 per month.

## V.

■ At oral argument, the husband's counsel argued that the trial court further erred in failing to consider the wife's interest income. To the extent the reference is to interest income other than the interest income from the husband's pension plan already discussed, the husband seeks to raise an issue not addressed in his opening brief. Hence, we do not address it. *See People v. Czemerynski,* 786 P.2d 1100 (Colo.1990).

## VI.

The husband asserts that the trial court erred by modifying child support because a motion to modify child support was not filed and further erred because written findings were not made. We are unpersuaded.

■ The award of maintenance and child support are inextricably interwoven. Hence, when a trial court modifies maintenance, it is not error to consider the impact of that modification on an award of child support. *See In re Marriage of Franz,* 831 P.2d 917 (Colo.App.1992).

■ Here, the income figure from which the trial court calculated child support was supported by evidence in the record. Furthermore, because the award was pursuant to the child support guidelines, there was no requirement for written findings. *Cf.* § 14–10–115(3)(a), C.R.S. (1995 Cum.Supp.). We therefore find no error in the award.

## VII.

The husband next argues the trial court erred in calculating his child support obligation by not considering income from the parties' son, a mentally retarded adult. We again disagree.

■ The trial court is not bound to deduct automatically the amount of a child's income from the basic child support obligation when that income does not reduce the need for parental support. *See In re Marriage of Cropper,* 895 P.2d 1158 (Colo.App. 1995).

■ Here, the evidence showed that the son did not contribute to payment of the wife's household expenses. Rather, he used these funds for entertainment purposes. The husband acknowledged in his testimony that his son's independent use of earnings was important to his self-esteem.

In these circumstances, we find no abuse of discretion in the trial court's refusal to deduct any amount of the child's income from the basic child support obligation.

## VIII.

The husband's final contention is that the trial court erred in ordering adjustments in child support to correspond to the two future modifications in the amount of maintenance. In light of our remand concerning the future modifications to maintenance, it is likewise necessary to reverse and remand as to the court's order for corresponding increases in child support.

## IX.

We reject the wife's claim for attorney fees pursuant to § 13–17–101, et seq. *See Wood Bros. Homes, Inc. v. Howard,* 862 P.2d 925 (Colo.1993). However, it is necessary to remand the cause to the trial court to address her claim for attorney fees under § 14–10–119. *See In re Marriage of Meisner,* 715 P.2d 1273 (Colo.App.1985).

The order is affirmed as to the award of maintenance in the amount of $1000. The order is reversed as to the future reductions in maintenance to $800 and $600 and corresponding increases in child support, and the cause is remanded to the trial court for further findings regarding those decreases. The cause is further remanded to the trial court to address the wife's claim for attorney fees incurred on appeal pursuant to § 14–10–119.

JONES and RULAND, JJ., concur.