24CA2224 Marriage of Tajmirriahi 09-25-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA2224
Arapahoe County District Court No. 13DR32
Honorable Christine A. Washburn, Judge

---

In re the Marriage of

Mehdi Tajmirriahi,

Appellant,

and

Shokooh Shirani,

Appellee.

---

ORDER AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE GOMEZ
Welling and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 25, 2025

---

Modern Family Law, Sydney D. Kossow, Denver, Colorado, for Appellant

Altitude Family Law, P.C., Daniel Zarnowski, Littleton, Colorado, for Appellee

¶ 1    Mehdi Tajmirriahi (husband) appeals the district court's order overruling his objection to, and entering judgment on, a verified entry of support judgment filed by Shokooh Shirani (wife). We affirm the order and remand the case for further proceedings concerning wife's request for appellate attorney fees.

## I.    Background

¶ 2    The parties' marriage of approximately ten years was dissolved in June 2013. In February 2014, the parties' separation agreement was adopted as an order of the court. The separation agreement allocated wife the marital home (Elkhart) plus an additional property.

¶ 3    The separation agreement did not award either party maintenance, but it included a handwritten addition, signed by the magistrate, stating that "wife reserves the right to request maintenance once [h]usband and her separate" and that "[t]his must be requested w/in 60 days of that occurrence." And indeed, despite the dissolution of their marriage, the parties continued to cohabitate at Elkhart until at least 2016.

¶ 4    In December 2014, the parties jointly executed and filed a "Stipulated Motion for ap[p]rove this one," stating: "[W]e are agree to

1

I Mehdi Tajmirriahi give Shookoh the 50% I do have of [Elkhart]. And so give her $1[,]000.00 a month." The magistrate adopted the stipulation as an order.

¶ 5     About nine years later, wife filed the underlying verified entry of support judgment, seeking the entry of a judgment consisting of $109,000 in principal and $49,382.81 in interest based on husband's failure to make the $1,000 monthly payments. Husband filed an objection, but after a hearing, the district court overruled his objection and entered judgment in favor of wife.

## II.     Jurisdiction

¶ 6     Husband first contends that the district court lacked jurisdiction to enter the support judgment in favor of wife because the court didn't reserve jurisdiction over maintenance when it dissolved the parties' marriage. We disagree.

### A.     Preservation

¶ 7     As a preliminary matter, we reject wife's contention that husband's challenge to the district court's jurisdiction, which we interpret to be a challenge to the court's subject matter jurisdiction, is unpreserved because he failed to previously raise the issue. It is well established that a challenge to a court's subject matter

jurisdiction may be raised at any stage of the proceedings, and thus we may consider husband's contention. *See Town of Carbondale v. GSS Props., LLC,* 169 P.3d 675, 681 (Colo. 2007); *In re Marriage of Dunkle,* 194 P.3d 462, 466 (Colo. App. 2008).

### B. Applicable Version of Section 14-10-114

¶ 8    In challenging the district court's jurisdiction, husband cites both section 14-10-114(2), C.R.S. 2025, governing requests for maintenance, and section 14-10-114(3)(g), governing the district court's reservation of jurisdiction to address maintenance at a later time. But section 14-10-114(9) provides:

> The provisions of this section apply only to actions in which a petition for dissolution of marriage . . . is filed on or after January 1, 2014. Actions filed before January 1, 2014, are determined pursuant to the provisions of this section as it existed at the time of the filing of the action.

¶ 9    Here, the petition for dissolution was filed in 2013, and so we apply the statutory provisions of section 14-10-114, C.R.S. 2013. Accordingly, any later references to section 14-10-114 in this opinion are to the 2013 version of that section, unless noted otherwise.

### C.    Subject Matter Jurisdiction

¶ 10    Husband argues that the adoption of the parties' December 2014 stipulation, requiring him to pay wife $1,000 per month, was of no effect because the court failed to sufficiently reserve jurisdiction over maintenance when it adopted the parties' separation agreement. Thus, according to husband, the district court lacked jurisdiction to enter a support judgment based on that stipulation. We disagree because we conclude that the language of the separation agreement, as adopted by the court, sufficiently reserved jurisdiction over maintenance.

### 1.    Legal Standards

¶ 11    Subject matter jurisdiction concerns a court's authority to deal with the class of cases in which it renders judgment. *In re Marriage of Stroud*, 631 P.2d 168, 170 (Colo. 1981); *Dunkle*, 194 P.3d at 466. A lack of subject matter jurisdiction means that a court has no power to hear a case or enter a judgment. *Currier v. Sutherland*, 218 P.3d 709, 714 (Colo. 2009). "It is the authority to decide a case, not the correctness of the decision, which makes up jurisdiction." *Dunkle*, 194 P.3d at 466 (quoting *Paine, Webber, Jackson & Curtis, Inc. v. Adams*, 718 P.2d 508, 513 (Colo. 1986).

We review issues of subject matter jurisdiction de novo. *In re Parental Resps. Concerning C.E.S.K.*, 2025 COA 51, ¶ 17.

### 2. Discussion

¶ 12     District courts possess subject matter jurisdiction over all civil cases, which includes dissolution of marriage actions. Colo. Const. art. VI, § 9.

¶ 13     District courts also possess certain statutory authority to make and modify maintenance awards. Specifically, section 14-10-106(1)(b), C.R.S. 2025, mandates, as pertinent here, that the district court, "[i]n connection with every decree of dissolution of marriage . . . and to the extent of its jurisdiction to do so, . . . shall consider, approve, or allocate . . . the maintenance of either spouse." Section 14-10-114(3) provides, in part, that in a proceeding for dissolution of marriage, the court may enter an initial maintenance order at the time of permanent orders after making certain specified findings. And section 14-10-122(1)(a), C.R.S. 2025, authorizes the court to later modify "the provisions of any decree respecting maintenance" upon a showing of changed circumstances so substantial and continuing as to make the terms of the existing maintenance arrangement unfair.

¶ 14    While section 14-10-114(3)(g), C.R.S. 2025, now governs the reservation of jurisdiction over initial maintenance determinations, section 14-10-114, as it existed in 2013, was silent as to the reservation of jurisdiction over maintenance after the entry of permanent orders. We nevertheless consider husband's argument that the district court did not sufficiently reserve jurisdiction to establish maintenance under cases predating the current version of section 14-10-114, such as *In re Marriage of Caufman*, 829 P.2d 501 (Colo. App. 1992). For purposes of our analysis, we assume, without deciding, that the word "jurisdiction" as used in *Caufman* means subject matter jurisdiction.

¶ 15    In *Caufman*, 829 P.2d at 504, a division of this court held that a district court may reserve jurisdiction to establish or modify maintenance under the standards then laid out in section 14-10-114 if

> (1) at the time of permanent orders, an important contingency exists, the outcome of which may significantly affect the amount or duration of the maintenance award; (2) the contingency is based upon an ascertainable, future event or events; and (3) the contingency can be resolved within a reasonable and specific period of time.

6

*See also In re Marriage of Folwell*, 910 P.2d 91, 93 (Colo. App. 1995) (a district court may retain jurisdiction over maintenance under section 14-10-114 if, among other things, the court explicitly states its intent to reserve jurisdiction); *In re Marriage of Mirise*, 673 P.2d 803, 804 (Colo. App. 1983) (a district court may expressly reserve jurisdiction to review, adjust, or extend maintenance under section 14-10-114 based upon a specified future event).

¶ 16    *Caufman* further provided that if the district court intends to reserve jurisdiction over maintenance, the court should

> (1) state its intent to do so on the record;
> (2) briefly outline its reasons for doing so, that is, state the ascertainable future event or events upon which the reservation of maintenance jurisdiction is based; and (3) set forth a reasonably specific future time within which maintenance may be reconsidered under § 14-10-114.

829 P.2d at 504.

¶ 17    Absent the district court reserving jurisdiction over maintenance in permanent orders, any later review of maintenance is under the standards for modification of maintenance set forth in section 14-10-122(1)(a). *Caufman*, 829 P.2d at 504; *Folwell*, 910 P.2d at 93.

¶ 18    Here, we conclude that the handwritten addition to the parties'

February 2014 separation agreement, as adopted as an order of the

court, was sufficient to reserve jurisdiction over maintenance.

Specifically, the handwritten addition (1) reserved the determination

of wife's request for maintenance, if any, for a future date;

(2) identified the parties' separation as an ascertainable future event

upon which the reservation of jurisdiction over maintenance was

based; and (3) provided a sixty-day window after the parties'

separation as a reasonably specific timeframe to reconsider

maintenance.  *See Caufman*, 829 P.2d at 504.

¶ 19    We reject husband's assertion that the handwritten addition

was insufficient to reserve jurisdiction over maintenance because it

states that *wife* as opposed to *the court* reserves the right to request

maintenance.  To start, the parties' entire separation agreement was

adopted by a magistrate as an order of the court, meaning that the

agreement's provisions were effectively the court's own orders.

¶ 20    Moreover, in an earlier contempt proceeding against husband,

a different magistrate found that the handwritten addition was

inserted and signed by the original magistrate when adopting the

parties' separation agreement as an order.  That the original

8

magistrate specifically inserted and signed such language indicates that, as a condition of adopting the parties' separation agreement, it was the intent of that magistrate to reserve jurisdiction over maintenance consistent with *Caufman*, 829 P.2d at 504. *Cf. Lay v. Lay*, 425 P.2d 704, 707 (Colo. 1967) (the parties may agree for the court to retain jurisdiction over maintenance or the court, "as a condition to approval of [a separation] agreement, may reserve such power to itself").

¶ 21    At no point did husband seek further review of the finding that the original magistrate handwrote and signed the addition to the separation agreement, and because our review of the writing and signatures in the separation agreement supports that finding, we decline to disturb it. *See In re Marriage of Evans*, 2021 COA 141, ¶ 39 (deferring to a lower court's findings unless they are clearly erroneous, meaning that they have no support in the record).

¶ 22    Husband also asserts that, even if the court initially reserved jurisdiction over maintenance, the court nevertheless couldn't have adopted the parties' December 2014 stipulation for husband to pay wife $1,000 per month because that stipulation occurred two years before the parties' 2016 separation. Thus, husband argues that the

court's adoption of that stipulation and later entry of the support judgment were inconsistent with the terms of the separation agreement, which required wife to request maintenance once the parties separated and within sixty days of that separation. We disagree because the supreme court has indicated that a reservation of jurisdiction over maintenance may "be modified by the subsequent agreement of the parties." *Lay*, 425 P.2d at 707. And here, the parties jointly executed and submitted a stipulation in which husband agreed to pay wife $1,000 per month, even though they hadn't yet separated, effectively modifying that contingency from the separation agreement. *See id.*

¶ 23 In sum, we are satisfied that the district court reserved jurisdiction over maintenance under section 14-10-114 via the original magistrate's adoption of the separation agreement. Therefore, the court retained jurisdiction to adopt the December 2014 stipulation requiring husband to pay wife $1,000 per month and had jurisdiction to enter the subsequent support judgment.

III. Mortgage Payments as Offsetting any Maintenance Arrearage

¶ 24 Husband next argues that the district court erred by refusing to offset approximately $90,000 in payments that he made towards

10

the mortgage on Elkhart against his maintenance arrearage. According to husband, the district court should've found that his payment of the Elkhart mortgage from the time of the parties' divorce through 2020 satisfied his maintenance obligation. We are not persuaded.

¶ 25    In entering judgment in favor of wife, the district court found that there was "no credible evidence of an agreement between the parties that [h]usband would make the mortgage payments in lieu of paying [w]ife $1,000 directly in support."

¶ 26    We perceive no error. The parties' December 2014 stipulation did not require husband to pay the mortgage but instead required him to "give [wife] $1[,]000.00 a month." Therefore, by the stipulation's plain language, husband was required to pay wife, as opposed to some third party, $1,000 per month. *See Ad Two, Inc. v. City & County of Denver*, 9 P.3d 373, 376 (Colo. 2000) (requiring us to construe the terms of an agreement in accordance with their plain and generally accepted meanings). If the parties had intended for husband to pay the mortgage in lieu of the $1,000 monthly payments to wife, the stipulation could've stated so, and we may not otherwise rewrite the terms of the parties' agreement. *See In re*

11

*Marriage of Stokes*, 608 P.2d 824, 829 (Colo. App. 1979) ("Courts cannot rewrite contracts or add terms thereto."). Moreover, to the extent that any parol evidence could have provided a basis for the court to conclude otherwise, we certainly cannot say that the court clearly erred in declining to do so based on its assessment of the evidence it heard. *See Evans*, ¶ 39.

¶ 27 We also reject husband's assertion that the entry of the support judgment was unjust because it effectively enforced a maintenance term exceeding the guideline maintenance term of four years and eight months. Because the proceeding was initiated before January 1, 2014, the maintenance guidelines establishing an advisory maintenance term based on the length of the parties' marriage don't apply here. *See* § 14-10-114(9), C.R.S. 2025.

¶ 28 And while husband otherwise asserts in a conclusory fashion that the entry of the support judgment created an unjust result, he hasn't provided us with any legal authority suggesting that the entry of a support judgment may be denied on such grounds. *See Woodbridge Condo. Ass'n, Inc. v. Lo Viento Blanco, LLC*, 2020 COA 34, ¶ 44 (declining to consider undeveloped, conclusory contentions made without supporting argument or authority). Nor has husband

directed us to any information in the record concerning the parties' respective financial circumstances to support his contention that the entry of a support judgment in wife's favor created an unfair result. *See Brighton Sch. Dist. 27J v. Transamerica Premier Ins. Co.*, 923 P.2d 328, 335 (Colo. App. 1996) ("[I]t is not the duty of the reviewing court to search the record for evidence to support bald assertions."), *aff'd*, 940 P.2d 348 (Colo. 1997).

¶ 29    We lastly reject as unpreserved husband's attempt to characterize the payments in the December 2014 stipulation as something other than maintenance. In the joint trial management certificate and at the hearing, despite maintaining that his payment of the mortgage should satisfy his obligation, husband consistently characterized the $1,000 per month that he was to pay wife as maintenance or spousal support. *See In re Marriage of Ensminger*, 209 P.3d 1163, 1167 (Colo. App. 2008) ("Arguments not presented at trial cannot be raised for the first time on appeal.").

## IV.    Appellate Attorney Fees

¶ 30    Asserting that husband's appeal is without substantial justification and is otherwise frivolous, wife requests an award of her attorney fees incurred on appeal. *See* § 13-17-102, C.R.S.

2025.  However, we do not view his appeal as frivolous such that an award of appellate attorney fees is appropriate.  We therefore deny wife's request.

¶ 31    Wife also requests an award of her appellate attorney fees under section 14-10-119, C.R.S. 2025, due to the alleged disparities between the parties' respective economic circumstances.  Because the district court is better equipped to determine the factual issues regarding the parties' current financial resources, we remand the case for the district court to address this request.  *See* C.A.R. 39.1; *In re Marriage of Schlundt*, 2021 COA 58, ¶ 54.

## V.    Disposition

¶ 32    The order is affirmed and the case is remanded for further proceedings concerning wife's request for appellate attorney fees.

JUDGE WELLING and JUDGE SULLIVAN concur.